1814.

WILMAN
*v.*
NORTON.

The Commonwealth ex re. FREYTAG *against* The Commissioners of Philadelphia County.

IN this case a rule was granted upon the defendants, to shew cause why a *mandamus* should not issue, commanding them to pay the bill of *Michael Freytag* esquire a justice of the peace, for the costs of his attendance in sundry cases, in which he was a witness for the Commonwealth against persons indicted and tried in several courts.

*Ingersoll* for the relator.

*Browne* for the defendants.

*Philadelphia, Saturday, July 30.*

A justice of the peace who attends as a witness for the Commonwealth in criminal cases, is entitled to his daily pay, except for one day during each court, when he is bound to attend for the purpose of returning his recognizances.

TILGHMAN C. J. delivered judgment.

By the act 23d *September* 1791, the county pays the costs on all bills returned *ignoramus* by the grand jury, and also in all cases where any person is convicted of an offence punished capitally, or by imprisonment at hard labour, if the defendant hath not property sufficient to discharge the same. By the act 20th *March* 1797, the county pays costs on all bills of indictment found by the grand jury, where the defendant is acquitted by the petty jury. The commissioners have doubts whether Mr. *Freytag* is entitled to costs as a witness, being as they suppose obliged to attend the court as a justice. It is his duty to attend the court for the purpose of returning his recognizances &c., but no further. This may be done in one day; only one day therefore should be deducted from his costs as a witness. It is not necessary that he should have been subpœnaed. If he was under recognizance, or even requested by the attorney general or his deputy to attend as a witness, it is sufficient.

1814.

COMMON-
WEALTH
*v.*
COM. OF
PHILADEL-
PHIA COUNTY.

The county is not to pay costs in case of conviction, if the defendant has property. It is the duty of the officers to make enquiry for property before they charge the county. But if they know of no property, they may resort to the county. It is the duty of the commissioners also to make enquiry for property, and if they find reasonable cause for supposing that there is property, the officers on being informed of this, should in the first place endeavour to procure payment from this property. With regard to Mr. *Freytag's* present demand, no cause is shewn to the Court which can induce them to think that any of the convicts have property. We are therefore of opinion, that the rule for the *mandamus* should be made absolute.

Rule absolute.