The opinion of the court was delivered by
Tilgiiman, C. J.
Unless the plaintiff is liable to the witnesses for their attendance in each suit, he cannot recover it, because he can recover no more than he pays, or is liable to pay. Now, it would be extraordinary, indeed, if a witness could demand the price of eleven days’ attendance, when in fact he attended but one. The law admits of no such extravagancies. He is to be paid a certain sum fixed by law, for each day’s attendance, and, having received that, he is entitled to no more. The principle which must govern this case has been established by this court. We decided, that a justice of the peace, who attends as a witness in a criminal case, is not entitled to any allowance as a witness on the first day of the court, because it is his duty to attend on that day, and make return of the recognizance taken by him. 6 Binn. 397. So also we decided, that when the same parties referred two suits to the same arbitrators, who transacted business in each of the suits on the same day, they should be allowed but one day’s pay, because they were employed but one day.
In the present case, the witnesses received full compensation for each day’s attendance, in the action against Washebaugh. Therefore they can demand no more from the plaintiff, nor can the plaintiff recover it from the defendant. The Court of Common Pleas was right, therefore, in refusing to tax the attendance of those witnesses as costs in this case. If it should happen that the same person should be summoned as a witness by different parties in different suits, the court may easily do justice by apportioning the costs of attendance among the persons by whom the witness was summoned.
I am of opinion that the judgment should be affirmed.
Judgment affirmed.