## Horner *against* Harrington.

7 w 331
172　75

A defendant having been successful upon the trial of several causes against him at the same term by several plaintiffs, cannot recover from each plaintiff the *per diem* allowance and mileage of a witness, who was subpœnaed in each case; but he may select either plaintiff, and recover from him. Or, if there be several witnesses, thus subpœnaed, who attended, the defendant may select of the plaintiffs and recover part of the whole bill of costs from one, and part from another. In such case, a defendant is entitled to recover from each plaintiff the fee for service of a subpœna on the same witnesses in each case, but not mileage, except in *one* of such cases.

If the plaintiff in each of such suits have previously appealed from awards of arbitrators therein, the defendant is entitled to his full daily pay in attending the appeal in each case.

[Horner v. Harrington.

*Semble*, if a witness attend the same court upon subpœnas in several suits between different parties, he is entitled to recover his *per diem* from each of the parties by whom he was subpœnaed.

WRIT of error to the common pleas of *Luzerne* county.

Joseph P. Horner and Son, against C. L. Harrington. Case stated in the nature of a special verdict.

The defendant having filed a bill of costs in this case, to which the plaintiffs have excepted, it is hereby agreed, that the following facts be a case stated for the opinion of the court, with leave to either party to take a writ of error.

This suit and three other actions by different plaintiffs were commenced at the same time to April term 1834; John Flanagan *v.* C. L. Harrington, No. 176, T. & J. Wood & Co. *v.* C. L. Harrington, 177, Richlie & Bains *v.* C. L. Harrington, No. 178, and Joseph P. Horner & Son, No. 179; and were all actions of debt brought for the recovery of notes and accounts, due and owing to the respective plaintiffs, for goods previously sold to the defendant. The pleas in each of the aforesaid cases were payment and release, and they all came on the trial list together, and at the same time. There was no objection on the part of the defendant to the notes and accounts of the respective plaintiffs, but his defence was, that he had assigned five several notes to them, in satisfaction of their claims, and that in consideration of said assignment, they had executed a joint release to him, which was read to the jury without objection from the plaintiffs. The allegation of the plaintiffs was, that this release was obtained by the false and fraudulent representations of the defendant, and was therefore void, which the defendant denied, and this constituted the real issue in each case. On this issue, the evidence was the same in each case, both on the part of the plaintiffs and defendant, except, that the deposition of Joseph P. Horner had been taken to certain facts, to be read in evidence, in each of the other cases on the part of the plaintiffs, and the deposition of Mr Richlie, of the firm of Richlie & Bains, had been taken to the same facts, to be read in evidence, in the above case of Joseph P. Horner & Son. The causes had been referred to arbitrators under the act of 1810, and an agreement made, that one case should be tried before the arbitrators, and that they should return the same award in each of the other cases. An award was accordingly made in each case for the defendant, from which the plaintiffs appealed. At April term 1835, the causes were all continued at the same time; at August term 1835, they came on for trial in the common pleas, and the jury was sworn in the case of Flanagan *v.* Harrington, which stood first on the list, on Monday, the 10th of August 1835, and the verdict returned on the morning of the 12th of August for the defendant, when each of the other cases was immediately discontinued by the plaintiffs. When the case of Flanagan was reached, the court suggested that,

[Horner v. Harrington.]

as the evidence was the same in each case, they might all be submitted to the same jury.    This proposition was assented to by the defendant, and declined by the plaintiff.

In the case which was tried, the defendant filed the bills of costs for April and August terms 1835, being terms during which said causes were on the trial list, and subsequent to the appeals from the award of arbitrators.

In each of the other three cases, the defendant filed similar bills of costs for the daily pay and travel of the same witnesses, for his own service of subpœnas and travel, and his daily pay at each of the aforesaid terms, it being admitted, that the subpœna in each case was served at the same time.

It is now agreed that, if the court shall be of opinion, that the said bills of costs are legally filed in each of the aforesaid cases, judgments for the defendant for costs to be entered in each of said cases; and if the court shall be of opinion that he is entitled to receive his own, and witnesses' fees in only one of the said cases, or that the amount of one of said bills should be apportioned among all the cases, or that part of said bills is legally taxed in each case, and part is not, judgments to be entered in each case accordingly; the court to specify the case in which the bill of costs should have been solely taxed, if they think it should have been taxed in one case only.

The court below was of opinion, that the defendant was entitled to recover from each plaintiff the daily pay and travel of each witness; also for serving the subpœna in each case, and to recover from each plaintiff his own *per diem* allowance since the appeal from the award of arbitrators.

*Woodward*, for plaintiff in error, cited *the Act of* 1821; *Purd. Dig.* 332, *sect.* 13; 6 *Binn.* 397; ; *Serg. & Rawle* 81; 15 *Serg. & Rawle* 21.

*Conyngham*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—The question presented by the first error assigned is; has the defendant, against whom four several suits had been brought in the same court to the same term, by as many different plaintiffs, where all the suits were set down for trial at the same term, in each of which he subpœnaed and had the same persons attending as witnesses, after having succeeded in each case, a right to recover from the plaintiffs, severally, therein the *per diem* allowed by law, to his witnesses for their attendance as such at court, so as to give him four times the amount that he would have been entitled to, had there been but one suit.    The solution of this question depends on the solution of another; that is, whether the witnesses have a right to demand of such defendant only a single *per*

*diem* for their time, during which they attended as witnesses for him; or have a right to receive from him a *per diem* in each suit, for every day they attended, so as to obtain in amount, four times as much, as if they had been subpœnaed and attended only in one suit.   The 13th sect. of the act of 1821, to alter and amend the fee bill, enacts, that " the fees to be received by witnesses shall be as follows, viz. each day's attendance at court, when the witness does not reside in, or within one mile of the county seat, 62½ cents; each day's attendance at court, when the witness resides in, or within one mile of the county town, 50 cents."   The allowance here expressed, it must be understood, and so it has ever been held, is to be paid to the witness by the party, at whose instance or on whose behalf he shall have attended at court; and the witness can look to no other for it.   Now it is perfectly obvious that the allowance, mentioned in the act for each day's attendance, was intended by the legislature as an indemnity or compensation to the witness, and not as a penalty to be paid by the party; and when the witness is required and has attended in one case only it is very clear, that he can neither claim nor receive more.   Whether it be a sufficient allowance to compensate or indemnify him fully for his loss of time and expenses in attending court, is a question which this court or the court below cannot undertake to decide; nor ought it to have any influence upon the determination of the question before us, unless the language of the act were so ambiguous as to render the intent of the legislature doubtful.   This, however, is not the case; and indeed it is very possible that the legislature, never supposed that the allowance, provided by them, would, and never meant that it should, be a complete indemnity to the witness. They may have intended that every controversy or suit in court should be carried on and determined with as little expense as possible to the parties; and that it should not be made a money-making business, to either witnesses or jurors, whose attendance might become necessary, in order to have justice done between the parties litigant, without subjecting them to such an amount of costs, as in effect might be equivalent to a sale of it.   We are, therefore, inclined to think, even if this question were now presented for the first time, that the witnesses of a party cannot claim from him more than one *per diem* for the same day's attendance at court, though they may have attended for him in more cases than one; and consequently, as the party succeeding in the suit can only recover from his adversary, what he was bound to pay his witnesses, the defendant here is only entitled to recover from the plaintiffs in the several suits against him, an allowance of a single *per diem* to each of his witnesses for each and every day that they respectively attended the court in any one or more of the cases.   And this allowance we also think the defendant has a right to recover in any one of the suits he pleases, if the witnesses charged for, actually attended in that case; or he may apportion the amount, if

[Horner v. Harrington.]

he chooses, by charging for some of his witnesses in one suit and charging for others in the other suits; but not so as to charge for the same witness his full *per diem* in any two or more of the suits. But the very question, raised here, was decided in conformity to this principle, in Curtis *v.* Buzzard, 15 *Serg. & Rawle* 21. It does not appear to me that there is even a shade of difference between that case and this. The mere circumstance of the parties having agreed there, at the time of swearing the jury in the first suit, that the other suits should be governed by the verdict and judgment rendered in the first, which the plaintiffs refused to agree to here, cannot deprive the witnesses of any portion of the amount, which they, in either case, would otherwise be entitled to demand from the party at whose instance they attended; and as the amount that the party is bound to pay his witnesses, must determine the amount that he shall be entitled to recover from his adversary on that account, it is clear that the circumstance mentioned can make no difference between the two cases. We, therefore, think that the defendant can claim no more than a single *per diem* and mileage for each of his witnesses, and that the court below erred in directing the taxation of costs in this respect otherwise.

As to the second matter assigned for error, we are of opinion the court were right in deciding that the defendant was entitled to recover from the plaintiffs in each suit for the service of the subpœna issued therein, upon as many of the witnesses named in it as it was actually served on. It is proper to allow the party for such service in every case, because it is necessary that he should take out a subpœna for his witnesses in each case, though they may be the same, otherwise he may not be able to compel their attendance and to make them responsible to him for his loss, on account of their non-attendance, if they should fail to do so. And as the expense and labour of serving each subpœna, exclusive of the mileage attending it, must be the same, there is no reason why the party, entitled to recover costs, should not be allowed in the taxation thereof, for the service of his subpœna upon each witness. But as regards the mileage, we think the court erred. For the distance was travelled but once in serving the subpœnas in the four cases, and of course was precisely the same, and no more than it would have been in case of their having been only one suit. He is entitled, however, to recover the mileage, at his election, in either of the suits, according to the actual number of miles it was necessary to travel in order to serve the subpœnas, but no more; or, if he pleases, we see no objection to his apportioning it among the plaintiffs in two or more of the suits; but we think he ought not to be compelled to do so, for this might occasion great delay in collecting, if not a loss of part of the costs, in case some of the parties should be unable to pay.

In the third error, we perceive no just ground for complaint. The plaintiffs in the several suits have no connection whatever

[Horner v. Harrington.]

with each other, as regards the alleged causes of action. And the *per diem* that is allowed to the successful party on an appeal from the award of arbitrators may be considered partly in the nature of a compensation to him for the loss of his time in attending court on account of it; and partly in the nature of a penalty imposed upon the other party for having unjustly been the cause of such loss of time. Here the plaintiffs in each suit, by having taken their respective appeals from the award of the arbitrators, may be said very truly to have been the occasion of the defendant's having had to attend court on account of the appeals so taken; and seeing the plaintiffs in each suit have been alike in fault, why should they claim to be let off by paying a part of the penalty imposed upon them, for having failed to support their respective appeals and make them good? We are unable to discover any good reason why the plaintiffs in each case should not pay the defendant, who was the appellee, his full *per diem*. We think, that according to both the letter and meaning of the act on this subject, they are bound to do so; and that the defendant is, therefore, justly entitled to recover from the plaintiffs in each of the four cases his *per diem*.

It may be proper, however, to remark here, that we do not wish it to be understood, that we accede to the opinion of the late chief justice, as expressed in the close of the report of the case of Curtis v. Buzzard, 15 *Serg. & Rawle* 22, where he says, "if it should happen that the same person should be summoned as a witness by different parties in different suits, the court may easily do justice by apportioning the costs of attendance among the persons by whom the witness was summoned." In practice, I have never known such an apportionment asked for or made. It would certainly be attended with great inconvenience, if not absolute impracticability, in some cases, to attempt to carry it into execution. We are rather inclined to think, that, where a person has been summoned as a witness, by different parties in different suits, though it be to attend the same court at the same time, he has a right to demand and receive his full *per diem* from each party, by whom he was so summoned; and that it would be no plea in bar against such claim, for any one of such parties to show that the witness had been paid by another of them for having attended as a witness on behalf of the latter in his suit.

The judgment of the court below is reversed, and it is considered that the defendant recover his costs in each case, from the respective plaintiffs therein, to be taxed agreeably to the principles laid down above.