## Towanda Bank *against* Ballard.

If a plaintiff bring several suits before a justice of the peace, founded upon several causes of action, which in the aggregate exceed in amount $100, and for which one suit might have been brought in the Court of Common Pleas, he will not be permitted to recover more than the costs of one suit, although he himself may be liable to the officers for all the costs which accrued.

ERROR to the Common Pleas of *Bradford* county.

Orran P. Ballard against The Towanda Bank. The plaintiff being the holder of a number of the 5, 10, 20 and 50 dollar notes of the Towanda Bank, brought at one time before a justice of the peace 227 suits, on another day 26 suits, and on a third day 84 suits, against the defendant. A judgment was rendered in each case for the plaintiff, and executions issued, which were returned *nulla bona;* when the plaintiff took transcripts and filed them in the Court of Common Pleas, and issued nineteen executions, which were levied on the defendant's real estate. It appeared that the constable had charged mileage in each case for the service of the summons, and also for the executions, the whole costs amounting to upwards of $1700.

The plaintiff obtained a rule to show cause why the whole of the costs, except that of one suit, should *not be disallowed*; and upon argument the court below disallowed the mileage of the constable on the summons and execution, in all the cases but one on each day when suits were instituted, and refused to disallow the justice's costs, and the fees for entering the transcripts and issuing the executions. The fact also appeared that, when the suits were brought, the plaintiff was indebted to the Bank in an amount exceeding the whole amount of the notes on which the suits were instituted.

The refusal of the court to disallow the costs of the justice and prothonotary was assigned for error.

*Elwell* and *Williston*, for plaintiff in error.
*Watkins*, for defendant in error.

The opinion of the Court was delivered by

Huston, J.—Laws are made for the purpose of doing justice

[Towanda Bank v. Ballard.]

between parties, and courts are established for the purpose of effecting this justice. In ordinary cases the laws are applied, and the tribunals direct their attention to the rights of the parties, and endeavour to ascertain and decide on them. But there have been, and we fear will be, cases in which a party having undoubted right endeavours to enforce such right in a way oppressive to the opposite party. The case before us is a flagrant instance of this. A plaintiff having 292 bills of the Towanda Bank, of five dollars each, amounting in the whole to $1460, could have brought a single suit for this amount in the Common Pleas of Bradford county, and, when he obtained his judgment, the costs would have been less than five dollars; he has proceeded in such a way as that the costs, when his debt was secured by becoming a lien on the record of the Common Pleas, exceed $800; and so on as to four batches or collections of notes of the same bank, amounting to $2420 in all, the cost, without any cost of levy and execution from the court, are above $1700; and if the plaintiff is allowed to proceed and issue a *fieri facias* on each of his 337 suits, the costs will perhaps exceed the debt; and all this in a case in which the plaintiff was actually indebted, by a note duly protested, to the defendant in an amount exceeding his whole claim.

In the country from which our ancestors came, and from which we derived the common law, justices of the peace had no jurisdiction in civil cases. Of course we have no decisions as to the power which courts exercised over civil suits which commenced before justices; but we have abundant evidence of the power exercised over suitors who abused the rules and practice of the court in accumulating costs unnecessary to the attainment of the parties' rights. The profession of law is there divided; attorneys bring the suits, file the declarations, and plead in ordinary cases; another class try the causes. By statute, a fee is fixed as due to the attorney for what he does in each step in the cause; and he generally pays to the prothonotary his fees, with his own money, as the cause proceeds, and, if successful, these are put in his bill of costs and received from the losing party; if unsuccessful, the attorney has a claim on his own client for what he has expended in conducting his suit. These fees to the attorney amount to much more than we hear of in this State. In addition, there is a stamp duty on every paper used and filed in the cause, and on every sheet of paper on which a narr., or plea, or motion, or rule, is written to be filed.

Thus the cost of a declaration is fourpence (about six cents) for every sheet of paper in a declaration, and only seventy-two words can be written on a sheet. 1 *Archibald's Practice* 24. An attorney may file as many counts in his declaration as may be proper to bring his client's case before the court; but if he file unnecessary counts, or unnecessary breaches in covenant, or set out and recite prolix deeds or leases containing matter entirely immate-

[Towanda Bank v. Ballard.]

rial to the point to be tried, all such will be stricken out, and no costs allowed for them; and this, not because forbidden by any Act of Parliament, but by the power inherent in every court to see that the law of the land and the rules of court are not perverted to purposes of injustice and oppression. The books are full of cases of this kind; but I shall select only a few. In *Cowper's Rep.* 727, a declaration contained much superfluous matter; the court ordered it to be struck out, and Lord MANSFIELD said in the next case of the kind which came before the court, he would inquire who drew the declaration, evidently meaning he would punish him. The law and practice and power of the court are still the same. 1 *Chitty's Rep.* 450. The court will refer to a master to examine if there be superfluous matter in the narr., and, if found, will order it to be stricken out. 2 *Chitty* 299. *Gaebel* v. *Shaw*, and 1 *Tidd Pr.* 668, referred to a master to strike out superfluous counts; and the practice now is, that the court at once strikes out all which is evidently superfluous. In such cases, if the party, as sometimes happens, has directed the attorney to proceed in such oppressive mode, the loss falls on such party; if the attorney has swelled his pleadings to increase his own fees, without consulting his client, the loss falls on such attorney, who can neither recover from his own client nor from the opposite party.

On the same principle, if many suits are brought where one would answer, the court will order them to be consolidated, and allow only costs of one to be charged. Thus, where an ejectment was brought, and the defendant had thirty-seven tenants, and thirty-seven suits brought, Lord KENYON declared it a scandalous proceeding, and ordered them to be consolidated. *Adams's Eject.*, 2d ed. 2356.

We have no Stamp Act, and no right to tax for the several pages of a narr.; but we recognise the power of the court to strike from a bill of costs every charge for what is not necessary, and especially what appears to be vexatious and oppressive. A few of those cases have been reconsidered in this court; see *Curtis* v. *Barnard*, (15 *Serg. & Rawle* 21); and *Horner* v. *Harrington*, (6 *Watts* 331). In those cases it was decided that if the party has several cases for trial, and one witness is subpœnaed in all of them and attends court, he can charge the party who summoned him only for one day's attendance, and that party can recover only one day's attendance of the witness. It is said the Legislature intended causes to be conducted with as little expense as possible, and that it should not be made a money-making business to parties or witnesses or officers. So far has this gone, that in criminal cases, where many witnesses have been summoned to prove a fact which was done so publicly that it was known it could not and would not be denied, the court, on the conviction of the defendant,

[Towanda Bank v. Ballard.]

has struck from the prosecutor's bill the costs charged for all but two or three witnesses. The court, then, were right in striking out the costs of the constable and part of the justices; but they did not go far enough. Our Legislature, in giving jurisdiction to justices in all cases of demand for money due not exceeding $100, intended to save debtors from unnecessary costs, and expense of counsel and attorneys' fees. And in another law, to save expense, all demands on promises, express or implied, on bond, note or single bill, or any or all of them, may be joined in one action in court.

The case before us is so flagrant a violation of the whole spirit of our laws, that we all think it calls for animadversion. The justice knew that the proceeding was intended to increase the costs, as well to himself as the constable, prothonotary and sheriff; without his connivance, this shameful business could not have taken place. If this is suffered to pass, a tradesman can take his day-book, and sue in a separate suit for each item got at one time; a store-keeper can bring a separate suit for each charge through every page of his day-book. To permit this, would be to disregard all the objects for which tribunals are established, and make justices and courts the instruments of monstrous injustice and oppression. In strictness, the justice had no jurisdiction; but the defendants did not object to this before the justice or in court. This court is of opinion that defendants are not liable for more than the costs of one suit in each of the several collections or batches of suits, and that no more can be allowed against the defendants. Let it be observed, we say nothing of how far or to what amount the plaintiff is liable to the justice, to the prothonotary, or to the constable or sheriff. These matters are not before us, and we say nothing as to them. They may depend on whether there was a combination to oppress, or, in short, on the facts as respects those parties. We decide only on the liability of the defendant. The only attempt to extenuate the conduct of the plaintiff was that the suits were against a bank which had ceased, for a time, to redeem its notes in specie. In politics it has become popular with some to abuse banks; and it is too true that those to whom the management of banks has been intrusted, have sometimes deserved censure; but the consequence of their mismanagement does not always fall on them, nor even, in all cases, the largest share of it. The stockholders, who may be widows or infants, and who in the country are generally honest, industrious farmers and mechanics, are the losers. There could be nothing more destructive of the administration of justice, or more disgraceful to those who administer it, whether called justices, judges or jurors, than to act partially, and apply one rule to one class of suitors, and a different rule to another. The administration of justice deserves another name when it applies its rules according

to public clamour, and gives its decisions on different principles, according as the parties may be different.

Judgment reversed as regards the costs of the justice and prothonotary, so far as they can be charged to the defendant in these suits.