*Twenty-sixth Judicial District.*

## In the Court of Common Pleas of Columbia County.

## MARTIN MONEGHAN *v.* THE TWP. OF CONYNGHAM.

1. Where a large number of suits are instituted for the recovery of demands which might have been embraced in one action, and it is made to appear to the court that the ·costs thereby made were unnecessary, vexatious and oppressive, they will be disallowed in all but one of the cases, so far as they can be charged to the defendant.

2. Fifty-four suits brought before a justice of the peace, to recover upon separate orders, drawn by overseers of the poor upon the plaintiff, and accepted and paid by him under a contract, were removed by certiorari to the common pleas, where the judgments for the plaintiff were affirmed as to the debt, the defendant having leave to cause the ·costs to be relaxed. *Held*, that under the arrangement, all the orders constituted but one debt; that by splitting it up into sums of less than one hundred dollars, in order that he might bring suits before a justice of the peace, the plaintiff pursued a course oppressive to the defendant, and is not entitled to recover costs unnecessarily made.

Relaxation of costs.

Opinion delivered by

ELWELL, P. J. The plaintiff having a demand of about fifteen hundred dollars against Conyngham township, for goods sold and delivered upon upwards of two hundred orders drawn by the overseers of the poor for the support of paupers, instituted *fifty-four* suits before a justice of the peace at one time, by summons returnable on the same day. On the return day, he claimed in each suit, for goods sold and delivered, and specified the number of the order on which they were delivered and the person therein named as payee. He obtained judgment in each of the fifty-four cases, for the amount therein claimed. Upon certiorari by the defendant, these judgments were brought into this court, and affirmed *as to the debt*, the defendant having leave to cause the costs to be relaxed.

The defendant, by counsel, has filed exceptions to all the costs, except in one case, upon the ground that they were unnecessary, vexatious and oppressive.

It appears by the evidence taken upon the rule to relax, that these several orders did not constitute several and separate contracts, but were

accepted under an arrangement between the overseers of the poor and the plaintiff. When, therefore, the plaintiff delivered goods on one of them, he did not thereby acquire a separate cause of action against the defendant. His demand against the township was merely increased by that much. It was *one* debt, and he could not split it up into sums of less than one hundred dollars, in order to bring the amounts within the jurisdiction of a justice of the peace. If he might do this, a tradesman can sue in a separate action for each item got at one time ; and a storekeeper might bring a separate suit for each charge through every page of his day-book. To permit this, would be to disregard all the objects for which tribunals are established, and make justices and courts the instruments of monstrous injustice and oppression.

In Towanda Bank *v.* Ballard, 7 W. & S. 434, it was held, that the court has power to strike from a bill of costs every charge for what is not necessary, and especially what appears to be *vexatious* and *oppressive*. In that case, the plaintiff having 292 five-dollar bills of the bank, brought as many suits before a justice of the peace in three batches, obtained judgments, issued executions from the justice, which were returned *nulla bona,* took transcripts and filed them in the common pleas, and issued executions thereon. Upon a rule to strike off the costs, it was *held* by the supreme court, that all the costs, except in one case, should be stricken off, so far as regards the defendant.

The doctrine of that case is so exactly applicable here, that I am relieved from giving other reasons for my conclusion. But I will add, that if the collection of his debt was all the plaintiff desired, he could have attained that object by a single suit in the common pleas, in which the costs would not have exceeded ten dollars. It is also worthy of note, that after recovery of his judgments against the township, he could not issue execution until he had removed them by transcript into the common pleas, and there obtained an order of the court. And thus, at every step he would make fifty-four times as much cost as was actually necessary for the collection of his debt.

"Laws," said Huston, J., in the case before cited, "are made for the purpose of doing justice between parties, and courts are established for the purpose of effecting this justice. But there have been, and we fear will be, cases in which a party having undoubted right, endeavors to enforce such right in a way oppressive to the opposite party." Whenever such an attempt is made, it is the duty of the court to see to it that the unlawful purpose is defeated and the oppressed party relieved from the burden unjustly imposed.

This case is unlike that of Boyle *v.* Grant, 6 Harris 162 ; *there* the demand was split up and notes given, in order that suit might be brought before a justice, while *here*, all the facts, as they now appear before the court, are opposed to any such view of the contract.

When these judgments were affirmed as to the debt, there was nothing upon the record showing how the debt originated, nor that the several items claimed, in truth, formed but one debt. As the case *now* appears, I am of opinion that equity would have restrained the plaintiff by injunction from prosecuting this multitude of suits, and thus have prevented vexatious litigation. Hilliard on Injunctions, 243. The defendant might have appealed to the common pleas, where the suits would have been consolidated, and all costs stricken off except in one suit. Bank *v.* Ballard.

The only relief which we can now afford the defendant, is to strike off *all the costs made by or at the instance of the plaintiff* in obtaining, sustaining or enforcing these judgments, except one. We have no power to compel the plaintiff to pay costs made by the defendant.

Under this ruling the costs will be relaxed as follows:

In No. 75, December T, 1868, full costs allowed. In each of the other cases the fees of the constable and of the justice, up to the time of rendering judgment, the attorney fee of plaintiff's attorney, the fees of the prothonotary on motion and issuing execution, and the fees of the sheriff on serving same, are stricken off *so far as they can be charged to the defendant.*

RECAPITULATION.

Struck off in each of 53 suits, justice and constable..................... $1 59
Plaintiff's attorney's fee................................................... 3 00
Prot. on execution....... ....................... ................................ 90

In the aggregate stricken off $290.97, besides the sheriff on executions.

Before proceeding further, it will be to the interest of the parties, by consent, to consolidate these judgments, and thus prevent to one or the other, further unnecessary costs.

*M. M. L' Velle*, Esq., for plaintiff; *J. G. Freeze*, Esq., for defendant.