# McGee *versus* Dillon.

Where a plaintiff brings a number of separate suits before a justice of the peace, against different defendants, and recovers judgment therein, the constable who served the writs is entitled to demand from the plaintiff, in addition to his fees for service, his mileage *in each case* at six cents per mile. The fact that several or all the defendants lived in the same locality, and that the constable did not make a separate trip to serve each one, is immaterial.

April 25th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Bucks county :* Of January Term 1883, No. 339.

Case stated, wherein Taylor Dillon was plaintiff and Christiana L. McGee et al. were defendants, setting forth the following facts : On April 23d 1881, the defendants brought ten suits before a justice of the peace in the township of Nockamixon, Bucks county, against ten different defendants. The writs of summons were handed for service to the plaintiff, Dillon, a constable of said township, who on April 26th 1881, proceeded by train from Bridgeton, where .the justice had his office, to Bristol, a distance of forty-five miles, where all the defendants resided. Having served the writs, he returned by train the same day and returned the writs, on which judgments were afterwards duly entered against the respective defendants.

7 OUTERBRIDGE—28

[McGee *v.* Dillon.]

A few days later the said McGee et al. brought ten other suits against ten other defendants, residents of Bristol, and the said constable made a second trip by rail, served the writs, and returned the same day. Judgments for plaintiff were entered in these cases, in a few of which the defendants paid the constable's costs to him.

The case stated provided : "If the court be of opinion that the plaintiff is entitled to recover mileage, in addition to his fee for service, in each and all of the above cases, except those paid by defendants, then judgment to be entered in favor of plaintiff for the sum of $94.42.

" If the court be of opinion that the plaintiff is entitled to recover mileage in one case in each of the above trips from Bridgeton to Bristol, and return, and the fee for service in each and all of the above cases not paid by defendants, then judgment to be entered in favor of the plaintiff for $15.98.

"But if the court be of opinion that the said plaintiff is entitled to no mileage, then judgment to be entered in favor of plaintiff for the sum of $3.40."

The court (WATSON, P. J.) entered judgment for the plaintiff for $94.42, whereupon the defendants took this writ of error, assigning for error the said judgment.

*Louis H. James*, for the plaintiffs in error, cited, Horner *v.* Harrington, 6 Watts 331 ; Curtis *v.* Buzzard, 15 S. & R. 21.

*J. Monroe Shellenberger*, for the defendant in error, cited Act of April 2d 1868, § 11, Purd. Dig. 684; Towanda Bank *v.* Ballard, 7 W. & S. 434.

Chief Justice MERCUR delivered the opinion of the court, May 14th 1883.

The plaintiffs in error brought twenty separate suits against that number of different persons, before a justice of the peace. Ten of these were brought on one day, and a like number on another day, one week thereafter. All these defendants resided in one vicinity. The defendant in error as constable, served one of the writs of summons on each person against whom the same issued. He performed these services on two general journeys. He charged travel on each writ, and the same was taxed and judgment entered therefor in each case as a part of the costs. As most of the travel was over the same road and on two journeys only, the plaintiff in error seeks to avoid the payment of fees for travel on all the writs exceeding one.

The fee bill gives to a constable " traveling expenses in all.

[McGee *v.* Dillon.]

cases for each mile circular six cents." The language "in all cases" is used in the sense of each case. If that construction be departed from there is no number of cases so large as to be excluded from the word "all." It would not be limited to time, place or parties. The fee bill deals with services in each particular case. Its language must be so understood as to give effect to its intent.

Each defendant served, and against whom judgment was recovered, is not subjected to any more costs than if he was the only person sued. He does not claim exemption from the payment of costs for travel in the writ against himself. Is the plaintiff in those several judgments to collect for the travel on each writ, pay the constable on one only, and pocket the costs which he collects on the others?

It is said the constable should elect on which writ he will charge for his travel, and not charge on the others. That might be satisfactory to those who were thereby exempted from payment; but the one elected would not reap any benefit from this discrimination. He cannot divide the sum he might thus pay into as many parts as there are defendants, and by suit recover from each a contributory share. The liability of each for costs is to be determined in the suit against him in which they were made. There is no privity of contract between the several defendants arising from the fact that each is severally indebted to the same plaintiff.

It is true where the party served a subpœna on his own witnesses at the same time in several suits brought against him, it was held in Horner *v.* Harrington, 6 Watts 331, that he was entitled to charge for one travel only. The purpose of the fee bill is to prescribe for services rendered by officers and by witnesses, and not for those of a party litigant. Hence the allowance to the party for his travel cannot be held to control the language of the fee bill giving compensation to an officer.

In Towanda Bank *v.* Ballard, 7 W. & S. 434, Ballard held 292 bills of five dollars each, and some other notes of $10, $20 and $50 respectively on the bank. Instead of bringing one suit in the common pleas, he brought three hundred and thirty-seven suits before a justice of the peace, on one day 227, on another day 26 and on a third day 84, all against the same defendant. This court held that while the bank should be charged with the costs of one suit only, yet that Ballard might be liable to the officers for all costs that accrued. That case is not applicable to the case before us. Here the costs were made at the instance of the plaintiffs in error. They commenced the suits at such times as best suited their convenience. The defendant in error duly performed the services required of him in each case. The defendants in those cases are not here complaining.

[Salter *v.* Bird.]

The learned judge was clearly right in entering judgment in favor of the defendant in error on the case stated.

Judgment affirmed.