## Commonwealth v. Pflaumer.

*Arthur M. Eastburn,* district attorney, for Commonwealth.
*Webster S. Achey,* for defendant.

BOYER, J., December 1, 1930.—The above defendant was on September 2, 1930, tried for and convicted of a violation of one of the provisions of the Vehicle Code of 1923 and sentenced to pay a fine of $10 and the costs of prosecution. The costs were taxed by the clerk of quarter sessions, and upon application of the defendant, under Rule 66 of the Rules of Court of Bucks County, the costs were retaxed by the clerk of quarter sessions. From this retaxation the defendant appealed and filed exceptions to certain items of costs taxed by the clerk.

The first exception is to the item: "Constable S. W. Dobin $8.00." An examination of the transcript shows that S. W. Dobin was the constable who served the warrant, and on the margin of the transcript his costs are taxed as follows: "Constables Costs Serving warrant 1.00 Mileage 7.00—$8.00." The exception does not specify wherein said costs are illegal. All the presumptions are in favor of the legality of the officer's acts, and in the absence of proof to the contrary, we must assume that the costs are proper, and said exception is not well taken.

The second exception is to the following item: "serving Subpœna Frank H. Hallman, June $5.00." It is conceded that Frank H. Hallman is a constable of this county. Examination of this subpœna discloses that the only witness

whose name is on the subpœna is Frank H. Hallman. It is conceded that this witness is the constable himself. The affidavit of Frank H. Hallman, constable, on the subpœna is to the effect that "he made service upon the several persons named in the subpœna; that the distance that they resided from the County Seat is as follows, to wit: Frank Hallman 40 miles." On the back of the subpœna is endorsed: "Costs of Constable. Frank H. Hallman for serving subpœna $5.00." In other words, the record shows that Frank H. Hallman, constable, made oath that he served himself and traveled forty miles in doing so, and that he charged as costs therefor the sum of $5.

While it has been the practice in this county to insert the name of the constable in the subpœna as one of the witnesses to the subpœnaed, such act on the part of the clerk, when the subpœna is sent to such constable for service, can only be treated as an informal notice to the constable to appear as a witness. If there is any doubt about the constable appearing voluntarily without being subpœnaed, then the subpœna should be sent to some other constable and not to the constable whose name appears therein as a witness. Most certainly, a constable cannot serve himself and charge either a service fee or mileage for so doing. For a constable to serve himself would be so manifestly absurd that the law could not recognize its validity or tolerate the collection of fees and costs for the same. This exception must be sustained.

Exception three relates to the following item: "Serving subpœna, Frank H. Hallman, September $12.10." This refers to another subpœna at the following term of court to which the case was continued. An examination of this subpœna shows that Frank H. Hallman served himself and one Arthur P. Pflaumer, giving the mileage as: Arthur P. Pflaumer sixty-six miles; Frank H. Hallman forty miles. It is conceded that both mileages are correct—Hallman's mileage being the distance traveled for making return of the subpœna on September 2nd. He was, therefore, entitled to a total mileage of 106 miles, or $10.60, and to a fee of $1 for subpœnaing Arthur Pflaumer, or a total of $11.60. He charged an additional 50 cents for subpœnaing himself, which was an illegal charge for the reason stated above. Therefore, the third exception is sustained as to the charge or amount of 50 cents.

Exception four relates to the item of witness fees and milage for Frank H. Hallman, constable, amounting to $3.20. This apparently was for September 2nd, the day he returned the subpœna. This item cannot be sustained, inasmuch as the constable charged mileage for the cost of returning a subpœna on the same day, and, therefore, being in attendance at court for that purpose, he was not entitled to make an additional charge for witness fees and witness mileage on the same day. The mileage and witness fee are charged in a lump sum, and the number of miles is not stated. The fourth exception is sustained. See Com. v. Commissioners of Philadelphia County, 6 Binn. 397.

Exceptions five and six, being general and covering the first four exceptions, need not be considered separately.

Now, December 1, 1930, the second exception is sustained in full; the third exception is sustained to the amount of 50 cents; and the fourth exception is sustained in full. The clerk is hereby directed to retax said costs, omitting therefrom all of the item contained in the second exception, 50 cents contained in the third exception and all of the item contained in the fourth exception.

From Isaac J. Vanartsdalen, Doylestown, Pa.