## Harvey et al. v. Hager et al.

*Frank P. McCluskey*, for plaintiffs; *George W. Geiser*, for defendants.

STEWART, P. J., July 11, 1932.—This is a case stated. From the caption it appears that there are eight separate plaintiffs. The defendants are the same,

but it appears from the terms of the case stated that Edith Rader Hager issued a landlord's warrant to R. Raymond Ryan, authorizing him to collect $495 rent due her by the American Assembling Machine Company. That is to say, Edith Rader Hager was the owner of the premises, and the American Assembling Machine Company was her tenant. Whatever was done subsequently by Ryan was done by him in what may be called the suit of Hager against the company, up to a certain point. To apply that point to the subsequent items, we hold that there can be only one charge for (A): Executing landlord's warrant, $1; levy or distraint on automobile and accessories, $1; mileage, $1.20.

The rule with reference to separate suits is well understood in Pennsylvania. In Towanda Bank v. Ballard, 7 W. & S., 434, in the syllabus is: "If a plaintiff bring several suits before a justice of the peace, founded upon several causes of action, which in the aggregate exceed in amount $100, and for which one suit might have been brought in the Court of Common Pleas, he will not be permitted to recover more than the costs of one suit, although he himself may be liable to the officers for all the costs which accrue." In McGee v. Dillon, 103 Pa. 433, the syllabus is: "Where a plaintiff brings a number of separate suits before a justice of the peace, against different defendants, and recovers judgment therein, the constable who served the writs is entitled to demand from the plaintiff, in addition to his fees for service, his mileage in each case at six cents per mile. The fact that several or all the defendants lived in the same locality, and that the constable did not make a separate trip to serve each one, is immaterial." In Smith, Sheriff, v. Altoona & Philipsburg Connecting R. R. Co., 182 Pa. 139, the syllabus is: "Where the sheriff executes a number of writs for different plaintiffs against the same defendant, he is entitled to separate mileage on each writ." From the case stated it appears that when the constable reached the premises, he distrained on eight automobiles, and took them to three separate garages in the City of Easton. Each of the plaintiffs was the owner of one of these automobiles. It does not appear definitely in the case stated what happened subsequently to the distress, but the automobiles were not sold. We think that it was stated on the argument that the receiver paid the rent. No question is raised as to whether a workman's automobile would be liable for his employer's unpaid rent. We discussed that question in Greif et al. v. Drumbor-Bingell Co. et al., 6 D. & C. 228. See, also, Karns et al. v. McKinney, 74 Pa. 387. The constable then served notice to replevy on each of the owners. In Caldcleugh v. Hollingsworth, 8 W. & S. 302, Mr. Chief Justice Gibson said: "Walter v. Rumbal [1 Lord Raymond's English Kings' Bench Reports 53] is in point that the notice may be given to the tenant or the owner, at the landlord's discretion; and that when it has been given to the latter, he cannot maintain trover. The principal object of notice is to enable, and indeed compel the proper party to contest the legality of the distress before the property is sold, and thus to prevent the landlord from being involved in unforseen difficulties." That notice is charged for under (B): "Copy of landlord's warrant to individual stranger whose property had been levied upon, $1," and is properly charged to each individual because from then on there was a possibility that each individual automobile owner would obtain a writ of replevin for his automobile, or if it was sold improperly would maintain an action of trespass for damages against the constable. When it was discovered after the distress that there were eight separately owned automobiles on the premises, then the constable must proceed as if eight suits might be brought against him, each owner being the plaintiff, and the case is just the same as Smith, Sheriff, v. Altoona & Philipsburg Connecting R. R. Co., supra. The items (C): Advertising personal property, $2.50;

mileage, $1.20; for receiving over money after levy without sale, $1.50; postponement of sale, April 25, 1932, mileage, $1.20; postponement of sale, April 27, 1932, mileage, $1.20; posting sale bills, $1.50, are proper in each case. Under the early decisions cited in the briefs, the items (D) : Towing automobile, $5; storage at fifty cents per day, $7, could not have been allowed, as there was no mention of them in the fee bill.

The judges decided upon the theory that everything not specifically included in the fee bill must be excluded from the costs. It was well put by Judge Parsons in Patton's Estate, 2 Pars. Eq. Cas. 103, in the case of an execution, as follows: "The auditor allowed the accountant a large sum, paid to the sheriff for the services of a watchman. This credit cannot be allowed; there is nothing in the fee bill of 1821, which allows the sheriff fees for any such service, as that of employing a watchman. If he fears to hazard personal property in the place where he finds it when seized, it is his duty, either to remove it to a place of safety, or secure it in what way he pleases, but he cannot charge a defendant in a *fi. fa.* with the daily pay of a watchman." However, the constables' fee bill under the Act of July 20, 1917, P. L. 1158, is as follows: "For watchman taking charge of property levied on, when necessary, two dollars per day, also reasonable expenses of insurance, arranging goods for sale, heat, light, storage, rent, transportation, feeding livestock, and similar expenses incurred in caring for and keeping goods and chattels levied upon, when the same is necessary and advantageous, or when requested by the plaintiff or defendant to incur such expense." It expressly provides for storage and transportation which covers: Towing automobile, $5; storage at fifty cents per day, $7. (In the one case the storage item is $10.50.) These items are proper in each case.

The section quoted from the act and the reasoning of Judge Parsons disposes of item (E), as follows: Assistance in levying, removing and watching automobile $1. The act says: "For watchman taking charge of property levied on, when necessary," and Judge Parsons said, he should remove it "to a place of safety." A garage is a place of safety, and there is no necessity for a watchman, nor is there any item in the fee bill which covers assistance in levying and removing. That item is disallowed.

It is somewhat difficult under the terms of the case stated, with respect to the entry of judgment, to determine just what is due. We find in the eleventh paragraph of the case stated, "constable received and receipted for $26." That is under the five automobile charges. Again, under the two automobile charges, we find, "constable received and receipted for $28.30." Neither of these items corresponds with the totals in the case stated, which are: for the first, $26.30, and for the second, $29.80. These additions are correct. We do not know whether these receipts are to be considered in our calculation or not, but we shall determine the matter as if they were to be excluded, and as if all the costs had been paid and the several plaintiffs were suing to recover improper charges. The items marked (A) are prorated. That would make forty cents costs for each plaintiff. The total charges in the eight cases for these items amount to $25.60. Deducting the charge in one case, $3.20, leaves a balance of $22.40, which was overpaid, making a credit of each plaintiff of $2.80, which, together with item (E), $1, supra, makes $3.80 for each plaintiff.

And now, July 11, 1932, this case stated came on for a hearing, and after argument of counsel, it is ordered, adjudged and decreed that judgment shall be entered by the prothonotary in favor of Abbie C. Harvey, $3.80; Frank Walters, $3.80; Charles Shankweiler, $3.80; Ambrose Mooney, $3.80; George C. Keiper, $3.80; Louie Hettel, $3.80; Stanley Harlan, $3.80; Julius Herm, $3.80.

From Henry D. Maxwell, Easton, Pa.