## Bancord *et al. versus* Parker, Administrator.

1. An attachment execution was issued in 1856, and levied on defendant's interest in a widow's share payable at her death. She died in 1869. On the 20th of September the defendant and garnishees pleaded "nulla bona." On the trial October 30th, they pleaded the defendant's right under the Exemption Laws. *Held*, that the claim was too late.

2. The sheriff in an attachment execution has nothing to do with levying the debt. He merely serves the process and warns the garnishee to pay over.

3. The defendant may notify him of his claim for exemption at the service, of which notice he would be bound to make return.

4. If the defendant be not served he may make his claim for exemption when he appears.

5. The plea of "nulla bona" is a denial of the debt, calculated to mislead the plaintiff and compel him to prepare for trial on that plea.

6. A claim for exemption filed with the plea would have shown to the plaintiff a reason for saving the expense of preparation.

7. The expense is not merely the costs, but the expense of counsel and the trouble.

May 9th 1870. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Franklin county :* No. 39, to May Term 1870.

On the 13th of September 1856, Henry, Sites issued an attachment execution on a judgment for $800 in his favor against Jacob Bancord. The sheriff was directed to levy the attachment on debts, &c., in the hands of E. Emerson and others. The sheriff returned that he had served the writ on the garnishees. It did not appear that the defendant had been served.

Bancord was one of the heirs of Jacob Bancord, Sr., deceased. By his will he directed his land to be sold, subject to a life interest for his widow, which was to be divided at her death amongst eleven heirs, Jacob, the defendant, being one. The land was sold by the executors and conveyed on the 28th of March 1854, subject to the widow's interest, the garnishees in this suit being the purchasers. Sites died about the 17th of April 1857. The widow of Jacob Bancord, Sr., died January 8th 1869. On the 20th of September 1869 the defendant and the garnishees pleaded *nulla bona*. On the 29th of October, the death of the plaintiff was suggested, and Maria Parker, his administratrix, substituted. On the same day the trial of the cause commenced.

On the 30th, the following special plea was filed :—

"And the said Jacob Bancord, the above-named defendant, and the said garnishees, summoned in the above-stated attachment execution, for a further plea in this behalf say, that the said writ cannot be maintained, because they say that the moneys attached by the sheriff on said writ, in the hands of the said garnishees, are not liable thereto, but ought to be exempt from the said

[Bancord v. Parker.]

attachment under the Act of Assembly of this Commonwealth, commonly called the Three Hundred Dollar Law, the said Jacob Bancord claiming the benefit of the said law, and electing to take the moneys attached under the provisions thereof, and being entitled, as he avers, to the benefit thereof; and this the said defendant and garnishees are ready to verify."

It was admitted that the amount in the hands of the garnishees due the defendant was $234.21.

The court (King, P. J.) charged that the claim for the exemption was made too late, and that the verdict should be for the plaintiff for the amount admitted to be in the hands of the garnishees. The verdict was accordingly for the plaintiff for $234.21.

The defendant and garnishees took out a writ of error, and assigned the instruction of the court for error.

*J. McD. Sharpe*, for plaintiffs in error, cited the exemption acts: Strouse *v.* Becker, 2 Wright 190; s. c. 8 Id. 206; Zimmerman *v.* Briner, 14 Id. 535; Bair *v.* Steinman, 2 P. F. Smith 423; Voglesong *v.* Beltzhoover, 9 Id. 57; Larrison's Appeal, 12 Casey 130; Billmeyer *v.* Evans, 4 Wright 324; Breitenbach *v.* Bush, 8 Id. 313; Waters *v.* Bates, Id. 474; Drexel *v.* Miller, 13 Id. 246; Spencer's Appeal, 3 Casey 218; Baldy's Appeal, 4 Wright 328.

*Clarke & Garver*, for defendants in error, cited Strouse *v.* Becker, 8 Wright 206; Zimmerman *v.* Briner, 14 Id. 535; Bair *v.* Steinman, 2 P. F. Smith 423; Skidmore *v.* Bradford, 4 Barr 300; Lea *v.* Hopkins, 7 Id. 492; Fox *v.* Reed, 3 Grant 97; Lorenz *v.* King, 2 Wright 93; McCormac *v.* Hancock, 2 Barr 310; Read *v.* Penrose, 2 Grant 485.

The opinion of the court was delivered, May 19th 1870, by

AGNEW, J.—This case is ruled by Strouse's Ex'rs. *v.* Becker, 8 Wright 206, Zimmerman *v.* Briner, 14 Id. 535, and Bair *v.* Steinman, 2 P. F. Smith 423, on the ground that the election to retain the debt attached came too late after the jury was sworn upon the issue of *nulla bona* entered forty days before the trial. Those were cases of attachment in execution, and therefore directly in point. To them we may add Hammer *v.* Freese, 7 Harris 255, and Rogers *v.* Waterman, 1 Casey 182, on the necessity of diligence on part of the defendant in making his claim for the exemption. But it is said the defendant had no one to whom he could give notice, and therefore the case does not fall within the spirit of these decisions. This is a mistake. An attachment execution does not resemble a fi. fa. where the sheriff is required to make sale of the property, and notice to him is necessary to prevent a sale, and cause a

15 P. F. SMITH—22

[Bancord *v.* Parker.]

valuation to be made by appraisers under the Act of 1849. The sheriff in an attachment execution has nothing to do with levying the debt, he merely serves the process and warns the garnishee not to pay over. Doubtless the ·defendant may notify him of the claim for exemption at the time of service, of which notice the officer would be bound to make a return; but if he be not served, as in this case, there is nothing to prevent him from filing his claim for the exemption when he appears. He appeared here on the 20th September 1869 and pleaded *nulla bona.* Now this plea was a direct denial of the existence of the debt, and was calculated to mislead the plaintiff, and compel her to prepare for a trial on that plea. But a claim for exemption filed with the plea would have shown to the plaintiff a reason for saving the expense of preparation. It is not the costs only which she might have saved, but the trouble and the expense of counsel employed to try the cause. The death of the plaintiff was no excuse. If the defendant could appear and plead, he could also file his claim with his plea; besides, inquiry would have soon enabled him to find out the person representing the plaintiff's estate. It was negligence, therefore, to wait until the 30th of October, after the cause had been notified for trial and the jury sworn.

Judgment affirmed.