## Landis *versus* Lyon *et al.*

1. On an attachment-execution the only duty of the sheriff is to serve it on the defendant and garnishee; not to make a levy of goods.

2. Anything the defendant might say at the time of service would not tend to mislead nor hinder and delay the sheriff.

3. It is proper for a defendant to claim the exemption when the attachment is served, but it is not imperative.

4. A defendant in an attachment-execution may claim the exemption when he appears, and before plaintiff has taken steps to his detriment without notice of the claim.

5. In an attachment-execution, the defendant's claim of exemption relates only to what is attached in the hands of the garnishee.

6. A feigned issue is to determine disputed facts; not mixed questions of law and fact.

7. When the right depends on both law and fact, the court should send the facts to a jury and retain the law for its own decision.

May 22d 1873.　Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Juniata county*: No. 13, to May Term 1872.

This was a feigned issue framed, December 9th 1870, "between Lewis A. Landis, plaintiff, and Jeremiah Lyons and Henry Cross, assignees of Kurtz & Cross, defendants, to try the right of the said plaintiff, under the $300 law, to the money in the hands of Samuel Leonard, administrator of Joseph Kurtz, deceased, attached by the said defendants, under an attachment-execution, No. 17, of February Term 1870."

The issue was tried, April 25th 1871, before Graham, P. J.

On the trial it appeared that the defendants, in the issue on the 14th of December 1868, recovered a judgment against Landis for $247.40, on which they issued an attachment-execution, in which Samuel Leonard was garnishee; he admitted that he had in his hands $228 due the defendants. On the return of the answers of the garnishee, Landis presented a petition to the court claiming the $300, and asking an issue.

Landis testified that when the sheriff served the attachment on him he claimed the "$300 law;" Landis said he "did not know that anything (he) had amounted to any amount of money; only a mule he had; he and the mule would not be worth $300;" he stated other articles of property which he valued at about $100.

The sheriff testified that when he served the attachment, Landis said, all he had in the world would not amount to $300, and he claimed that under the Exemption Law.

Other witnesses testified that Landis owned personal property and land worth about $500.

The court charged:—

* * * "The plaintiff alleges that he claimed the specific property in dispute when the sheriff served the attachment-execution

[Landis *v.* Lyon.]

upon him, and followed up his claim by presenting his petition in court when the answer of the garnishee was filed.

" [If the plaintiff did claim the money attached when served with the attachment-execution, and acted honestly with the sheriff, and not fraudulently by attempting to' conceal, and denying that he had any other property except a mule, then the plaintiff would be entitled to recover.] [But if the plaintiff did not claim specifically the money attached, but made a general claim for the benefit of the Exemption Act, and that all his property was not worth more than $300, when he in fact owned more than $300, and the sheriff then attached the money in the hands of the garnishee, and the plaintiff owned property or money due to him from solvent debtors to the amount of $300, in addition to the money attached, under these circumstances the plaintiff could not claim the money in the hands of the garnishee, and your verdict should be for the defendants.] [If a specific claim was not made until the answer of the garnishee was filed, and the plaintiff owned $300 in addition to the money attached, it would be too late to claim the property attached after the answer of the garnishee was filed.] [If a defendant owns more than $300 worth of property, and does not claim any specific property, but claims the whole as exempt, the sheriff may execute an attachment on money due to the defendant if he owns property to the amount protected by the Exemption Law, in addition to the money attached.]

" [Again, if the plaintiff acted fraudulently, and endeavored to conceal his property knowingly, which was subject to levy and sale, this would vitiate his claim, for the law will not sanction fraud on the part of a debtor."]

The verdict was for the defendants.

The plaintiff took a writ of error, and assigned the charge of the court for error; the specifications being in the order of the portions of the charge included in brackets.

*E. S. Doty*, for plaintiff in error.—Even in an ordinary execution a defendant stating a falsehood does not forfeit his right to the statutory exemption, unless his falsehood hinders or delays the officer: Strouse *v.* Becker, 2 Wright 190. It is only goods to which a defendant in an execution disclaims title that he cannot have appraised and set apart to him: Gilleland *v.* Rhoads, 10 Casey 187. A claim by a defendant in an attachment-execution for the exemption, is not too late if made before the plaintiff is subjected to any additional cost in consequence of it: Strouse *v.* Becker, 8 Wright 206; Bair *v.* Steinman, 2 P. F. Smith 423. The issue was defective in that it did not state any disputed fact to be tried: Shertzer *v.* Herr, 7 Harris 34; Christophers *v.* Selden, 4 Casey 165.

[Landis *v.* Lyon.]

There was no argument or paper-book for defendants in error.

The opinion of the court was delivered, May 27th 1872, by

AGNEW, J.—The learned judge, in the court below, seems *to* have overlooked the fact that upon an execution-attachment the only duty of the sheriff is to serve the writ on the defendant and the garnishee, and not to make a levy on goods. What the defendant said at the time of service as to his other property, therefore, neither tended to mislead nor to hinder and delay the sheriff. It is quite proper for the defendant to claim his exemption when the attachment is served upon him, but it is not imperative. He may do so when he appears, and before the plaintiff has taken steps in the cause to his detriment from a want of notice of the claim. See Bancord *v.* Parker, 15 P. F. Smith 336. In this case both the sheriff and the defendant testified that the latter had claimed his exemption when the sheriff served the writ upon him. This claim related to the debt attached in the hands of the garnishee, for it could apply to nothing else, that only being the subject of the attachment. The second assignment of error is therefore sustained.

The issue directed in this case was not properly made up. Feigned issues are for the trial of disputed facts, and not mixed questions of law and fact. An issue to try the right of a party to anything is too general. If the right depends on disputed facts, these facts may be ascertained by a feigned issue; as, for instance, if the fact in question was whether the defendant had demanded the exemption at the time of the service of the attachment, this fact could be so ascertained. But the right of a party may depend upon law and fact. When this is the case, the court should send the contested facts to trial by a jury, and retain the questions of law for its own decision. This matter has been stated at large with a reference to former decisions in Cobb's Ex'rs. *v.* Burns, 11 P. F. Smith 278.

> Judgment reversed and the record remitted, with instruction ,to allow the defendant exemption, unless a new issue on some disputed fact necessary to determine the same be claimed by the plaintiff in the attachment, and ordered by the court.