## Hild Floor Machine Company *v.* Rudolph (Fairbanks, Appellant) et al.

Argued September 28, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Oscar Rosenbaum,* for appellant.

*LeRoy Comanor,* with him *Leo Lichtenstein,* for appellee.

OPINION BY KELLER, P. J., October 27, 1944:

The court below struck off the claim of exemption filed by Herman Fairbanks, one of the defendants in this attachment in execution, because it was not made to the sheriff, nor filed in court, within a reasonable time after he entered his appearance to the attachment, and in consequence costs in further proceedings had been incurred. See *Bair v. Steinman*, 52 Pa. 423. Fairbanks appealed to this court.

In his appeal he assigns two grounds for reversal of the order of the court below: (1) That the writ of attachment was not served on him. (2) That he made seasonable claim to the *garnishee* for his exemption.

(1) The writ of attachment in execution should have been served by the sheriff on the defendants, as well as on the garnishee, (*Landis v. Lyon*, 71 Pa. 473, 475); but the defect was cured by Fairbanks' counsel entering an appearance for him in the attachment proceedings on August 9, 1943, nine days after service of the writ on the garnishee. It was then his duty promptly to present his claim for exemption to the *sheriff* or *file it in court*, so as to obviate further proceedings and costs by the plaintiff and garnishee: *Bancord v. Parker, Admr.*, 65 Pa. 336. The entry of an appearance is the equivalent of service.

(2) The claim for exemption, to be effective, must seasonably be made to the sheriff or filed in court. *Bancord v. Parker, Admr.*, supra, p. 338; *Landis v. Lyon*, supra, p. 475. The garnishee has nothing to do with setting aside the exemption, and claim made to him is not sufficient. Unless the claim is made seasonably the privilege is waived: *Harlan v. Haines*, 125 Pa. 48, 17 A. 248. In this case it was not filed until October 28, 1943. In the meantime interrogatories had been filed on August 23, and answered by the garnishee on September 14, admitting that it was indebted to the defendant, Herman Fairbanks, on a business transaction in the amount of $110, a rule had been taken by the plaintiff on September 20 for judgment against the

garnishee for the amount admitted in its answer to be due, which was made absolute on October 11, and judgment entered against the garnishee for $110, less garnishee's attorney fee.

But an examination of the letters of his counsel relied on by appellant fail to show any claim upon the garnishee for his exemption. They did no more than announce to the garnishee that he was entitled to claim his exemption, and at the same time averred that he had assigned his claim against the garnishee to his father, Jacob Fairbanks, without stating when this was done or enclosing the original or a copy of the assignment. He further stated, on September 20, that he felt it was necessary to file a petition to interplead on behalf of Jacob Fairbanks, whom he also represented, but never did so.

If money due by the garnishee to Herman Fairbanks had been legally and validly assigned by him for a valuable consideration to Jacob Fairbanks, before the service of the attachment, it did not belong to Herman Fairbanks, this appellant, and in such case the latter could not claim it under his $300 exemption. A judgment debtor can claim his exemption only out of property belonging to him. *Bauman v. Bittner*, 152 Pa. Superior Ct. 628, 634, 33 A. 2d 273.

These antagonistic positions and appellant's delay in making his claim for exemption for two months and twenty days after appearing to the writ, during which time the plaintiff and the garnishee proceeded with interrogatories and answers, resulting in a judgment in favor of the plaintiff and against the garnishee, led the court below to strike off his belated claim. The cases cited above sustain the court's action.

Order affirmed.