J-S05012-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| RAD MANAGEMENT ASSOCIATES, INC., AND RAY DAMI, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| WASHINGTON EAST WASHINGTON JOINT AUTHORITY, | : | |
| | : | |
| Appellee | : No. 414 WDA 2014 | |

Appeal from the Order February 10, 2014,
Court of Common Pleas, Washington County,
Civil Division at No. 2013-2468

BEFORE:  DONOHUE, SHOGAN and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED MARCH 03, 2015**

RAD Management Associates, Inc. and Ray Dami ( "RAD Management" and "Dami" respectively; collectively, "Appellants") appeal from the order of court denying a claim for exemption, rendering fifty shares of stock in RAD Management subject to levy to satisfy a judgment in favor of Appellee, Washington–East Washington Joint Authority ("WEWJA").   Following our review, we affirm.[1]

RAD Management and WEWJA were parties to a contract, pursuant to which RAD Management was to perform certain functions with respect to WEWJA's water services.  Problems eventually arose, which led to WEWJA

---

[1]  WEWJA believes that the order at issue is not final and appealable and asks this Court to quash Dami's appeal.  WEWJA's Brief at 5.  WEWJA is incorrect, *see **Hild Floor Mach. Co. v. Rudolph**,* 39 A.2d 457 (Pa. Super. 1944), and so we will not quash this appeal.

terminating the contract. RAD Management subsequently filed a claim against WEWJA alleging wrongful termination of the contract. WEWJA filed counterclaims alleging failure to perform per the contract's specifications and improper use of WEWJA's facilities and personnel. The matter proceeded to AAA arbitration, at the conclusion of which WEWJA obtained a judgment against RAD Management and Dami individually for $19,638. WEWJA attempted to execute on this judgment and Dami filed a claim for an exemption pursuant to Pa.R.C.P. 3123.[2] Specifically, Dami sought to exempt fifty shares of RAD Management stock, which were issued in his name only, on the basis that they were marital property and therefore not subject to levy. The Washington County Sheriff agreed and permitted the exemption. WEWJA appealed that determination to the trial court. Following a hearing and the submission of briefs by the parties, the trial court denied Dami's exemption request.

This timely appeal follows, in which Appellants present the following issues for our review:

> 1. Did the court err in finding the stock of RAD Management Associates is not joint/entireties property?

---

[2] This rule provides, "A defendant entitled to a statutory exemption may claim it in kind or in cash at any time before the date of sale by notifying the sheriff of his or her claim and, if the exemption is claimed in kind, by designating the property which he or she elects to retain as exempt. Failure of the defendant to claim the statutory exemption shall not constitute a waiver thereof." Pa.R.C.P. 3123(a).

2. Did the court err in finding that the value of the stock was in excess of $300.00?

3. Did the court err in finding that the stock was not gifted to the wife of the appellant Ray Dami?

4. Did the court err in placing the burden of proof to establish an exemption upon the [Appellants]?

Appellants' Brief at 1.

Appellants first argue that the trial court erred in not finding that the RAD Management stock was marital property or property held as tenants by the entireties.[3]  However, Dami did not include this issue in his statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) ("Rule 1925(b) statement").  It is firmly established that issues not included in a Rule 1925(b) statement are waived for purposes of appeal.  *Cobbs v. SEPTA*, 985 A.2d 249, 256 (Pa. Super. 2009); Pa.R.A.P. 1925(b)(4)(vii).  Accordingly, Appellants have waived this issue.  Similarly, Appellants did not

---

[3]  We reiterate that Dami claimed this exemption only on the basis that it was marital property.  Claim for Exemption, 7/5/13, at 1.  At the hearing, Dami clarified the theories for his claimed exemption as two-fold: that the stock was marital property and that the value of the stock is less than $300.  N.T., 9/3/13, at 3.  Dami first set forth this theory of relief based upon ownership of the stock as tenants by the entireties in his post-hearing memorandum of law.  The concepts of marital property and property held as tenants by the entireties are distinct and the terms cannot be used interchangeably.  "Unlike … entireties property, marital property is not a method of ownership but is merely a vehicle for achieving economic justice incident to divorce.  Strictly speaking, 'marital property' does not exist prior to the filing of a divorce complaint."  Joanne Ross Wilder, Pennsylvania Family Law Practice and Procedure, § 22:1 (West 7th ed. 2008) (footnotes omitted).

include their fourth issue in their Rule 1925(b) statement, and so we conclude that they have waived that issue as well.

We now turn our attention to Appellants' remaining issues. First, they argue that the trial court erred in concluding that the stock had a value in excess of $300.[4] Appellants' Brief at 9. The thrust of Appellants' argument is that there was insufficient evidence to support this determination. "When reviewing the sufficiency of the evidence[,] this Court must determine whether the evidence and all reasonable inferences therefrom, viewed in the light most favorable to the verdict winner, was sufficient to enable the fact-finder to find against the losing party." **Atl. LB, Inc. v. Vrbicek**, 905 A.2d 552, 557 (Pa. Super. 2006).

Appellants argue that the only evidence presented regarding the stock's value came from Dami, who testified that it had a total value of fifty dollars and therefore, the trial court had no factual basis for its decision that its value exceeded $300. Appellants' Brief at 9-11. The record does not bear out Appellants' position, as it reveals that Dami did not testify at all regarding the value of the stock.

The record does reveal, however, that when formed, RAD Management authorized 100 shares of stock but issued only fifty. N.T., 9/3/13, at 26-27.

---

[4] This determination is important because "property of the judgment debtor (including bank notes, money, securities, real property, judgments or other indebtedness due the judgment debtor) to the value of $300 shall be exempt from attachment or execution on a judgment." 42 Pa.C.S.A. § 8123(a).

- 4 -

All fifty of these shares were issued to Dami, in his name alone. *Id.* at 27. The record further reveals that RAD Management is a functioning business, and Dami is the only person who performs work on its behalf. *Id.* at 37, 42-43. It has one contract with South Strabane Sewer Authority that was renewed in 2013 and has a term of three years. *Id.* at 38, 41-42. Pursuant to the contract, South Strabane Sewer Authority pays RAD Management $1100 per month. *Id.* at 41. RAD Management has minimal business expenses, *id.* at 50-52, and there was no evidence of any corporate debt. Considering this evidence in the light most favorable to WEWJA, as we are required to, we conclude that it is sufficient to establish that the value of the fifty shares of stock, which represents complete ownership in the company, exceeds $300. RAD Management is a functioning business. The contract with South Strabane Sewer Authority is an asset of the business with a total value of $39,600, and it provides a monthly stream of revenue of $1100 per month. Accordingly, we reject Appellants' claim.

In their remaining issue, Appellants argue that the trial court erred by failing to find that Dami gifted the stock to his wife. Appellants' Brief at 11. In its opinion, the trial court finds this issue waived because Appellants raised it for the first time in the memorandum of law they submitted following the hearing, but also concludes that the evidence was insufficient to establish that a gift was made. Trial Court Opinion, 5/28/14, at 5-6. In making their argument, Appellants dispute the trial court's determination

regarding the timeliness of this claim, arguing that it is not a novel issue, but rather argument in support of their claim that the stock was entireties property. Appellants' Brief at 11. We need not parse Appellants' position or engage in a semantic debate, as the record is absolutely devoid of any evidence that would support a conclusion that Dami gifted the stock to his wife. Notably, neither Dami nor his wife testified that such a gift was made and the stock was never reissued in both of their names.[5] Appellants' claim therefore must fail.

Order affirmed.

Shogan, J. joins the Memorandum.

Stabile, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2015

---

[5] It is worth noting also that Dami conceded that there are no documents indicating that his wife is an owner of RAD Management. N.T., 9/3/13, at 67.