# Utt *against* Long.

In an action to recover daily pay and mileage as a witness for the plaintiff in an ejectment by a lunatic in the name of his committee, against one who was alleged to have brought and carried on the ejectment, the committee is not a competent witness for the plaintiff.

In such action the executor of the lunatic is a competent witness for the plaintiff, where it appears the estate of the lunatic was sufficient to pay the costs of the ejectment.

One who merely takes an active part in carrying on a suit in the name of another, is not liable to the plaintiff's witnesses for their daily pay and mileage without an express promise to pay. But he is liable without such promise, where he projects and institutes the suit in another's name and is the active agent in having it brought.

A witness may bring suit for his daily pay, &c. against the party who subpœnaed him and who lost the cause, without having the bill of costs taxed and making demand before suit brought.

In answering a point put so as to meet the view of the party making it or so as to meet only part of the facts in evidence, it is not error but the duty of the court to frame their answer so as to be applicable to the case trying and the evidence given.

ERROR to the Common Pleas of *Northampton* county.

This suit was originally brought before a justice of the peace by Abraham Long against Elias Utt to recover $4.03½, the amount of his daily pay and mileage as a witness for the plaintiff in an action of ejectment in which Adam Utt, a lunatic, by his committee William Hackett, was plaintiff, and Jacob Utt defendant. The justice gave judgment for Long, from which the defendant appealed.

The plaintiff, after giving in evidence the record of said ejectment, offered to prove by William Hackett that although his name was used on the docket, yet Elias Utt had the ejectment brought

[Utt v. Long.]

and carried it on. The defendant objected to this evidence that it was irrelevant to the issue trying, and that the plaintiff on record could not shift his own responsibility for costs and expenses on another by his own testimony. The court overruled the objection and admitted the evidence, and the defendant excepted.

Hackett then testified that he was appointed the committee of Adam Utt for the mere purpose of instituting the ejectment, and that Mr Brooke informed him the court had appointed him for that object. He never gave bond or took on himself the duties of trustee. He never attended the suit, employed counsel or subpœnaed witnesses. The only persons he knew that attended to the suit were Elias Utt and his son Adam; and he frequently saw Elias in consultation with Messrs Porter and Brooke, the plaintiff's counsel. Elias was a son of the lunatic. He (Hackett) went into Luzerne county to take a deposition in the cause, but not as committee; he was in Mr Porter's office at the time.

A witness then testified that he, Long and others came down twice to attend as witnesses in the ejectment at Easton, from which Long lived eighteen miles distant. The last time they were there two days. He thought Elias was there. Elias's son, who subpœnaed witness, was also there.

The plaintiff then called George Kleinfelter as a witness, admitting that he was the executor of the lunatic, and as such had sufficient assets in his hands to pay the costs and charges of the ejectment. The defendant objected to his competency on the ground of interest, but the court overruled the objection and admitted the witness and sealed an exception.

The plaintiff then stated what he intended to prove by the witness, as stated in his testimony immediately following, to which the defendant objected as irrelevant to the issue trying, but the court admitted the evidence and sealed an exception.

The witness then testified that Elias Utt presented him as executor with a bill of costs and counsel fees in the ejectment. He told Elias that his brother Adam had objected to paying any costs, as Elias had carried on the suit on his own account, when Elias replied that it was carried on in Hackett's name. Witness considered the estate good enough for the costs.

The defendant called his son, who testified that he paid Theophilus Hackett $4 for Long's bill. No one directed him to pay it. The bill he paid was for the expenses of the witnesses in the ejectment. He asked Messrs Porter and Brooke to attend to the suit. His father was not down at the meeting when the witnesses were examined.

The payment of Long's bill by the last witness was then confirmed by the testimony of Theophilus Hackett.

The following were the points submitted by the defendant and the answers of the court:

1. That as Elias Utt was not a party to the suit on the record

[Utt v. Long.]

the fact of his taking an active part in carrying on the suit would not make him liable to the witnesses for their fees, without an express promise to pay. *Ans.* Merely taking an active part in carrying on the suit without an express promise to pay, would not make the defendant liable in this action. But if you believe that the defendant was the active agent in having the suit brought, that it was projected and instituted by him in the name of the committee, he would be liable to the witnesses who were subpœnaed and attended on the part of the plaintiff in that action for their daily pay and mileage, without an express promise to pay.

2. That an agent subpœnaing witnesses for a party is not liable from that mere fact for the cost of witnesses who attended. *Ans.* This point is correct, and we charge you that the law is as stated in it.

3. That as it is not proved that Elias Utt either subpœnaed the plaintiff or promised to pay him for his attendance, the plaintiff cannot recover against him. *Ans.* If the defendant caused the suit to be brought and was the active man in having it carried on, then he would be liable, although he neither served the subpœna on the plaintiff nor promised to pay him, if you believe he was subpœnaed and did attend as a witness on the trial.

4. That a witness cannot maintain a suit against a party for his fees without having the bill taxed and a demand made before suit brought. *Ans.* The court charge you that the law is not as stated in this point.

The defendant excepted to the charge and assigned the following errors:

1. The admission of William Hackett as a witness and the subject-matter of his testimony.

2. The admission of Kleinfelter as a witness and the subject-matter of his testimony.

3. The answer to the 1st point and in coupling that answer with a state of facts which did not appear in evidence.

4. In the answer which purports to be given to the 3d point and in not answering the matter contained therein.

5. In the answer to the 4th point.

6. The whole tenor of the charge recognising the right of the plaintiff to recover under the evidence.

*Brooke*, for the plaintiff in error. Hackett consented to become a party on the record and carried on the suit in his own name, by which he became personally liable for costs; *Musser* v. *Good*, (11 *Serg. & Rawle* 247); and his evidence went to throw this liability on the defendant. The same objection applies to Kleinfelter.

The answers to the 1st and 3d points put forth a state of facts not sustained by the evidence. It nowhere appears that the ejectment was instituted by the defendant or that he was the active agent in carrying it on. But were that so, it would not make him

[Utt v. Long.]

liable for costs. There was no express promise to pay here, as in *Brewer* v. *Hayes*, (2 *Watts* 12). The Act of 23d April 1829, (*Purd.* 53), provides only that an equitable plaintiff shall be liable for costs : but the defendant was not the equitable plaintiff. To make him so, his name must appear on the record by suggestion or otherwise.

The present action .is not maintainable. The bill should have been taxed and an attachment issued. 1 *Pet. C. C.* 233 ; 1 *Whart. Dig.* 272, *M. S.* The party is not liable while the suit is pending, as was held in *Lyon* v. *M'Manus,* (4 *Binn.* 172) ; and here the witness's right to recover can only exist after his claim has been taxed and allowed in the usual manner.

*Reeder,* contra, confined to the first exception. If Hackett were bound to pay these costs, it was only as the agent of the lunatic's estate. He had no personal interest ; he could gain or lose nothing by the event of the suit. The presumption would be that the suit was properly brought and for the benefit of the lunatic.

The opinion of the Court was delivered by

HUSTON, J. — The plaintiff below, who was defendant here, attempted to make out that Elias Utt had caused a suit to be brought in the name of William Hackett, in which suit there was a verdict and judgment for the defendant. Abraham Long had been under subpœna to attend and had attended as a witness for the plaintiff in that cause, and for his mileage and daily pay as such witness this suit was brought before a justice of the peace, and by appeal from his decision the case came into the Common Pleas. The plaintiff called William Hackett, who was objected to as incompetent, admitted and exception. He testified that he was appointed .the committee of Adam Utt, as he understood, for the sole purpose of instituting that suit ; that he never gave bond or took upon himself the duties of trustee ; that he did not know that he ever agreed to accept the trust ; that Mr Brooke (a lawyer now deceased) called on him and told him the appointment had been made by the court and for the object of bringing that suit ; that Elias Utt was a son of the lunatic, and that he knew of no person carrying on that suit but Elias Utt and his son Adam. Being cross-examined, he said he did go to Luzerne county to take a deposition, but this was done as the student of Mr Porter and not as trustee. He ought not to have been a witness. The suit, by his own statement, was brought in his name with his knowledge and consent. He was, therefore, *primâ facie* liable for costs ; and whether he could be indemnified out of the estate of the lunatic would depend on whether the suit was brought on good probable grounds and advice of counsel : but he was primarily liable, and he could not be a witness to clear himself of this liability.

By the Act of 23d April 1829, sect. 2, it is provided, that " the

VI. — 23

[Utt v. Long.]

equitable plaintiff or person for whose use or benefit and at whose instance any action has been or may be prosecuted, whether named on the record or not, shall be liable to execution on judgment (for costs) against the legal plaintiff or plaintiffs : Provided, that where such equitable plaintiff or plaintiffs were not named on the record previous to judgment, his name shall be suggested on the record, supported by affidavit of his interest in the cause, before execution shall issue." And I, for one, would be willing to give this Act a liberal construction,' and extend it to cases where any person had procured a suit to be instituted, and carried it on, and there was no other person from whom costs could be recovered. Independent of this Act of Assembly, the point is decided in 1 *Peters's C. C. R.* 233, and in a manuscript note in 1 *Whart. Dig.* 272.

Adam Utt, the lunatic, is dead, and his representative was called to prove that Elias Utt had presented to him a bill of costs for witnesses' and counsel fees expended in carrying on that suit: he was objected to and admitted. There was no error in this. It appeared that the estate of the lunatic was amply sufficient, and his representative was a stranger to this suit between these parties.

The court was asked to instruct the jury that as Elias Utt was not a party to the suit on the record, the fact of his taking an active part in carrying on the suit would not make him liable to the witnesses for their fees, without an express promise to pay them. To which the court said; "merely taking an active part in carrying on the suit would not make him liable without an express promise to pay. But if you believe the defendant was the active agent in having the suit brought; that it was projected and instituted by him in the name of the committee, he would be liable to the witnesses for the plaintiff for their mileage and daily pay, without an express promise to pay." It is objected that this answer goes beyond the point : but it does not go beyond the case and the facts there in evidence. In answering a point put so as to meet the view of the party making it, or so as to meet only part of the facts in evidence, it is not error, but the duty of the court to frame their answer so as to be applicable to the case trying and the evidence given. There was evidence from which the jury might have fairly found that Elias Utt, and he only, caused the suit to be brought and carried it on.

The 2d point and answer were not objected to. The 3d point and answer are the same as the 1st point and answer, in substance, and no error in the answer. The 4th point, that "a witness cannot maintain a suit against a party for his fees, without having the bill taxed and a demand made before suit brought." This the court denied. The party in making this point did not advert to the difference between a bill of costs recovered by the successful party against the losing party, which must be submitted to the prothonotary and taxed by him, and the case before the court, which was that of a witness claiming his pay from the

[Utt v. Long.]

party who subpœnaed him and who lost the cause. There is no taxation of such a bill. The witness may demand it every term, nay, every day. I would advise that this case be settled without more contest; the costs of every day at court are more than the sum demanded; but it must be reversed on the 1st bill of exceptions.

Judgment reversed, and a <em>venire de novo</em> awarded.