# Bittenger's Appeal.

1. A defendant in an attachment execution is not bound to make claim to the $300 exemption to the officer serving the attachment.

2. The defendant must make claim for the exemption at the term to which the attachment execution is returnable.

3. Landis v. Lyon, 21 P. F. Smith 473; Yost v. Heffner, 19 P. F. Smith 68, recognised.

May 6th 1874.   Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Appeal from the Court of Common Pleas of *Adams county*: No. 13, to May Term 1874, by Mary L. Bittenger in the distribution of the proceeds of an attachment execution against her.

On the 2d of August 1872, Chestnut, Townsend & Co. obtained a judgment against Mary L. Bittenger for $209.12, and on the 5th of the same month issued an attachment execution against her, returnable August 19th, the first day of August Term.

The sheriff returned that he had attached certain building association stock belonging to the defendant, and had served a copy of the writ on the defendant.

No notice was given by her to the sheriff of her claim of $300, under the Exemption Act of April 9th 1849, Pamph. L. 523, 1 Br. Purd. p. 636, pl. 20, &c.   On the 20th of November 1872, the defendant entered on the record that she claimed the benefit of the act from the stock attached.   On the 30th of December a rule was taken on the garnishees and interrogatories were filed.   On the 3d of February 1873, the court directed the sheriff to sell the stock and pay the money into court; he accordingly sold the stock and paid into court $1155.41.   The plaintiffs in the execution obtained a rule to show cause why the money in court should not be paid to them; this rule was made absolute May 28th 1873.

Mary L. Bittenger appealed to the Supreme Court and assigned for error the order making the rule absolute.

*H. B. Woods* (with whom was *W. McClean*), for appellant.— The claim is in time if made before anything has been done to the detriment of the plaintiff for want of notice of the claim: Landis v. Lyon, 21 P. F. Smith 473; Yost v. Heffner, 19 Id. 68.

*E. J. Riley* (with whom was *D. Wills*), for appellee.

Judgment was entered in the Supreme Court, May 25th 1874.

PER CURIAM.—Yost v. Heffner, 19 P. F. Smith 68, and Landis v. Lyon, 21 P. F. Smith 473, decide that under an attachment execution a defendant is not bound to make his claim of the $300

[Bittenger's Appeal.]

exemption to the officer serving the attachment. The reason given is that the officer has nothing to do with the collection of the debt and cannot have it appraised. It was held therefore that the defendant might make his claim at the term to which the attachment is returnable, and before the plaintiff has taken any step in the cause to his detriment. In Bancord *v.* Parker, 15 P. F. Smith 336, it is said also, that the purpose of an early claim is to prevent the accumulation of costs and counsel fees to the plaintiff. In Strouse's Executor *v.* Becker, 8 Wright 206, the doctrine of diligence is strongly enforced by Woodward, J., as to attachments as well as writs of fi. fa. No case is remembered in which the exemption in an attachment execution has been allowed to be claimed later than the term to which the writ is returnable. Here the writ was returnable on the 19th of August, and the claim was not made until the 20th of November following. It is important in a matter of practice such as this, that there should be a definite rule to guide both parties. It is certainly not a hard one to require the defendant to make his claim during the term when he should appear to answer the writ. The court below held that the claim was too late, and we cannot say this was an error. Order affirmed and appeal dismissed with costs to be paid by the appellant.