# Howard Building and Loan Association to the use of Fletcher Budd *versus* Philadelphia & Reading Railroad Company, Garnishee of Samuel S. Wismer.

1. A plaintiff's bill of costs for witness fees and mileage is a proper subject of an attachment execution. Such costs are, for many purposes, essentially different from the fees due court officers.

2. Where a defendant in an attachment execution, who has not been served with the same, makes his claim for exemption as soon as he has notice of the execution and before the plaintiff in the attachment has taken any further step to his detriment, the claim is in time, although not made at the term to which the writ is returnable.

3. A waiver, by an obligor in a bond, of the benefits of every law made or to be made "to exempt the premises described" in an accompanying mortgage, or, "any other premises whatsoever," from levy and sale under execution; "or any part of the proceeds arising from the sale thereof," from the payment of the moneys secured by the bond, is confined to the obligor's real estate.

January 26th 1883.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 3, of *Philadelphia county :* Of January Term 1883, No. 96.

Attachment execution, by The Howard Building and Loan Association against Samuel S. Wismer, defendant, and The Philadelphia and Reading Railroad Company, garnishee.

The judgment under which this attachment execution was issued was obtained as follows : The Howard Building and Loan Association entered up judgment on bond and warrant of Samuel S. Wismer, June 14th 1873. In the warrant the defendant waived "all benefit that might accrue to him by virtue of any and every law, made or to be made, to exempt the premises described in the indenture of mortgage therewith given, or of any other premises whatever, from levy and sale under execution or any part of the proceeds arising from the sale thereof from the payment of the moneys thereby secured, or any part thereof." On this judgment an attachment execution was issued October 21st 1880, and the Philadelphia and Reading Railroad Company were summoned as garnishee.

Wismer, the defendant, in this proceeding, was not served with the attachment execution ; and the court allowed his claim for $300 exemption, which was made March 5th 1881. The garnishee pleaded nulla bona.

On the trial, April 11th 1882, before YERKES, J., the plain-

tiffs gave in evidence the record of a judgment obtained by Wismer against The Philadelphia and Reading Railroad Company, on a verdict, dated October 20th 1880, for $500, and plaintiff's bill of costs $291.95, and rested.

The garnishee proved an assignment of said verdict, and any judgment thereon, to George Junkin, Esq., dated October 20th 1880, to secure his fees in that case, and that his fee was $250, and that none of the witnesses (whose fees were included in plaintiff's bill) had been paid.

The plaintiffs claimed the amount of Wismer's verdict against the Railroad Company, $500; interest $44.17, and Wismer's bill of costs $291.95, less $300, exemption, amounting in all to $536.12; and submitted the following point:

"That plaintiff is entitled to recover the whole amount of the verdict, interest, and plaintiff's bill in Wismer *v.* Railroad Company, less the $300 claimed as exempt, and that Mr. Junkin's fee, being less than amount of exemption claimed, is not to be deducted." Refused. Exception.

The judge instructed the jury to find a verdict for the plaintiff, and that there was in garnishee's hands $286.12, subject to the point of law reserved, whether plaintiff's bill was liable to the attachment: if not, verdict to be reduced by amount of that bill.

Afterwards, the court in banc decided the point of law reserved, in favor of the garnishee, and entered judgment *non obstante veredicto* in favor of the garnishee.

Thereupon the plaintiffs took this writ, assigning for error, the action of the court, in allowing Wismer's claim for exemption, in refusing the point, and giving the instruction above noted, and in entering judgment for defendant on the point of law reserved.

*J. Cooke Longstreth*, for plaintiff in error.—There was an express waiver of exemption in the bond, and therefore the court should not have allowed it. Besides, the claim was made too late. The attachment execution issued October 21st 1880, and the claim for exemption was not made until March 5th 1881. This was not at the same term, nor within a reasonable time: Bair *v.* Steinman, 2 P. F. S. 423; Bittennger's Appeal, 76 Pa. St. 105. The costs which a plaintiff recovers are his costs, and are as much a part of the judgment in his favor as the judgment for the debt. There is no privity between plaintiff's witnesses and defendant, and defendant owes such witnesses nothing. Nor is any part of the amount paid to plaintiff on the judgment a trust fund in his hands. The relation of plaintiff and his witnesses is simply that of debtor and creditor, and that relation neither arises out of, nor is modified

by the fact of recovery or non-recovery by plaintiff of witness fees as part of his costs in the cause : Curtis *v.* Buzzard, 15 S. & R. 22 ; Horner *v.* Harrington, 6 Watts 334 ; Utt *v.* Long, 6 W. & S. 174. It follows that the plaintiff's bill of costs is subject to attachment, and the court should have instructed the jury to find in the garnishee's hands the full amount of the verdict, interest and plaintiff's costs, less Mr. Junkin's fee.

*Thomas Hart, Jr.*, for defendant in error.—The waiver of exemption was restricted by the bond to real estate. The defendant, who lived in Chester county, was not served with the attachment, and filed his claim for exemption as soon as he knew of it, the execution plaintiff having incurred no additional expense by the delay. The claim was clearly in time : Bancord *v.* Parker, 15 P. F. S. 336. In the cases cited by the plaintiff in error, the defendant was served with the execution, and additional costs were incurred before the claim was made. The amount of Wismer's bill of costs was not attachable. It was exclusively for witness fees and mileage which had not been paid. The same principle applies to these costs as to the fees of the prothonotary and sheriff, which a plaintiff collects for them by his execution. Though the legal title to these fees is in the plaintiff, he collects them merely as trustee for the officers : Ranck *v.* Hill, 3 Barr 423 ; Ellsbre *v.* Ellsbre, 4 Casey 172. The fees and mileage of a witness belong to him as completely as the fees of the court officers, and the party subpœnaing him, upon the recovery of such fees holds them as trustee for the witness : Adams *v.* Avery, 2 Pitts. 77 ; Horner *v.* Harrington, 6 Watts 334 ; Curtis *v.* Buzzard, 15 S. & R. 22.

Chief Justice MERCUR delivered the opinion of the court, October 1st 1883.

The main contention in this case involves the right of the plaintiff in a judgment, to his bill of costs, taxed therein.

Costs of the party must not be confounded with fees of the officer. They are, for many purposes, essentially different : Ramsey *v.* Alexander, 5 S. & R. 344. Costs are an allowance to a party for expenses incurred in conducting his suit : fees are compensation to an officer for services rendered in the progress of the cause : Musser et al. *v.* Good et al., 11 Id. 247. The plaintiff in a judgment, whether he be plaintiff or defendant in the action, collects the officers' fees not for himself, unless he has paid the officers, but as trustee for the officers who rendered the services : Ranck *v.* Hill's Executor, 3 Barr 423 ; Ellsbre *v.* Ellsbre, 4 Casey 172. Whichever party to the action recovers, the fees of the officers for services rendered therein become a

part of the judgment, and if not paid to the officers they may collect them by execution, of the defendant in the judgment.

Although the statute prescribes the fee to be received by a witness for each day's attendance at court, yet he is not thereby made an officer. His claim for services is against the party in whose behalf he rendered them. His right thereto is the same, whether such party failed or succeeded in recovering a judgment. The losing party cannot collect the fees of his witness from the successful party, yet the former is nevertheless liable therefor. Nor is his witness' right of action to recover the same, necessarily postponed until final judgment in the case: Utt v. Long, 6 W. & S. 174.

The object of the Act fixing the fees to which a witness is entitled, is to determine an allowance as between him and the party in whose behalf he attended court. It prescribes the measure of the party's liability to the witness. Hence it was said by Mr. Justice KENNEDY in Horner v. Harrington, 6 Watts 331, in commenting on the right of a witness under the fee bill, " the allowance here expressed must be understood, and so it has ever been held, is to be paid to the witness by the party at whose instance or on whose behalf he shall have attended court, and the witness can look to no other for it."

It follows, the learned judge erred in entering judgment for the defendant on the point reserved.

The plaintiff's waiver of the right of exemption was restricted to real estate. It did not extend to the indebtedness attached. His right to claim the exemption out of his portion of this judgment was therefore clear. Had he been served with the attachment he should have made his claim of exemption at the term to which the writ was returnable and before the plaintiff therein had taken any step to his detriment: Morris v. Shafer, 12 Norris 490. He however was not served. He appears to have made his claim as soon as he had notice of the execution of the writ, and before the plaintiff in the attachment had taken any further step to his detriment. The claim was in time, and we discover no merit in the other assignments of error.

Judgment reversed, and judgment in favor of the plaintiff in error on the point of law reserved for the $286.12 and costs.