Statement of Facts.


E. L. HARLAN v. E. D. HAINES & CO.

ERROR TO THE COURT OF COMMON PLEAS OF CHESTER COUNTY.

Argued February 12, 1889—Decided March 25, 1889.
[To be reported.]

1. The $300 exemption act of April 9, 1849, P. L. 533, is not self-executing, but extends a privilege to the debtor which he may claim or waive, is operative only on his demand, and his exemption thereunder is protected by his own vigilance and not by the indulgence of his creditor.
2. When a writ of execution attachment is served upon the debtor, a delay to make his claim for the exemption until after the term to which the writ is returnable, is a waiver of the privilege, even though the money attached be not payable, if at all, for years after the writ is issued.
3. The share of a judgment defendant in a trust fund subject to the life estate of his mother was attached, and the writ served upon him; in such case, even though nothing was done by the plaintiff until the mother's death thirteen years thereafter, it was then too late to demand the exemption.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 191 January Term 1888, Sup. Ct.; court below, No. 127 August Term 1887, C. P.

On June 27, 1887, a case stated was submitted wherein Enoch L. Harlan was plaintiff, and E. D. Haines & Co., defendants, wherein it was agreed, in substance:

That Enoch Harlan died in 1872, having by his will, admitted to probate on July 25, 1872, bequeathed $2,500 in trust, the income or interest thereof to be paid annually to his wife, during her natural life, with power in the trustee to appropriate such part of the principal as might be necessary, in his discretion, to render the situation of the wife comfortable; and at her death or remarriage, the principal of said fund, or the unexpended portion thereof, to be divided into seven equal parts for his seven children, one of whom was Enoch L. Harlan, the plaintiff. That on March 21, 1874, E. D. Haines & Co., the defendants, having obtained a judgment against said Enoch L. Harlan, had caused a writ of execution attachment to be

served upon the trustee under the will of Enoch Harlan, deceased, and on March 28, 1874, the said writ was served upon said Enoch L. Harlan; that an appearance was then entered for the garnishee, but no appearance was ever entered for the defendant. That the widow of Enoch Harlan died in the year 1886, and, as appeared by the account of the trustee duly confirmed by the court, the balance of the principal of the fund in his hands was $1,739.56, the share of said Enoch L. Harlan therein being $248.50. That no further proceedings were had under said execution attachment until January 14, 1887, when said Enoch L. Harlan filed with the prothonotary a claim for the benefit of the $300 exemption, under the act of April 9, 1849, P. L. 533.

It was agreed that if the court should be of the opinion that under the foregoing facts said Enoch L. Harlan was entitled to the benefit of the exemption as claimed by him, then judgment should be entered for the plaintiff for $248.50; but if the court should not be of that opinion, then judgment to be entered for the defendants, etc.

The court, FUTHEY, P. J., after argument, filed an opinion, in which, considering Malany v. Entriken, 7 W. N. 374; Yost v. Heffner, 69 Pa. 69; Landis v. Lyon, 71 Pa. 475; Morris v. Shafer, 93 Pa. 489; Howard B. & L. Ass'n v. Railroad Co., 102 Pa. 223; Bancord v. Parker, 65 Pa. 338; Strouse v. Becker, 44 Pa. 209; Bair v. Steinman, 52 Pa. 423; Bittenger's App., 76 Pa. 105, and Thomas v. Born, 5 W. N. 362, concluded that the plaintiff was not entitled to the exemption claimed by him, and directed that judgment be entered for the defendants. Thereupon the plaintiff took this writ, assigning the order entering judgment as error.

*Mr. Wm. M. Hayes*, for the plaintiff in error:

Where the reason of a rule fails, the rule itself fails. The cases where the exemption has been disallowed determined only that under the particular facts of those cases the claim was too late; too late, because costs had been incurred and plaintiff had been put to a disadvantage. The exemption law is a beneficial one, and its advantages are not to be taken from a defendant, unless the plaintiff can show he has been injured

Opinion of the Court.

by the negligence of the defendant. From the time the judgment plaintiffs filed their præcipe they did nothing; nor did the defendant do anything. Under the facts of this case, nothing was to be done till the death of the widow; for, until that time, it was not known to either party that there would be any money subject to the attachment, or to be claimed under the exemption act. The claim was made with sufficient promptness to occasion no delay or cost to the attaching creditors: Landis v. Lyon, 71 Pa. 473; Morris v. Shafer, 93 Pa. 489; Howard B. & L. Ass'n v. Railroad Co., 102 Pa. 220.

*Mr. R. T. Cornwell,* for the defendants in error:

Strouse v. Becker, 44 Pa. 206; Bair v. Steinman, 52 Pa. 423; Bancord v. Parker, 65 Pa. 336; Zimmerman v. Briner, 50 Pa. 535; Landis v. Lyon, 71 Pa. 473; Yost v. Heffner, 69 Pa. 68; Bittenger's App., 76 Pa. 105; Morris v. Shafer, 93 Pa. 489; Howard B. & L. Ass'n v. Railroad Co., 102 Pa. 220; Malany v. Entriken, 7 W. N. 374, all make it clear that the defendant in an execution attachment will be held to reasonable diligence in making his claim for exemption, and, where he has been served with the writ, he must make his claim during the term to which the writ is returnable. There is no hardship in this requirement, as it is due to the plaintiff in the attachment that he may know whether he is to pursue his writ or to look for other property of his debtor out of which to make his money.

OPINION, MR. JUSTICE McCOLLUM:

E. D. Haines & Co. obtained a judgment against Enoch L. Harlan, on which an attachment execution was issued March 21, 1874, and levied on his share of a fund in the hands of the trustee of the estate of his deceased father. He was not entitled to receive the fund attached until the death of his mother and an account was settled by the trustee. The attachment was served on him March 28, 1874, and on January 14, 1887, he filed with the prothonotary a claim for the benefit of the exemption law. An appearance was entered for the garnishees, but no other proceedings had been taken in the case when the exemption claim was made.

The single question presented for determination is whether it was in time.

The plaintiff in error insists that, as the exact amount of his share in the fund could not be ascertained until the termination of the life estate and the settlement of an account by the trustee, he was not required to make his claim for the exemption before the occurrence of these events; and that a debtor may at any time effectually claim his exemption out of an attached fund, if the plaintiff has done no more than issue and obtain service of the attachment. It is true that the attaching creditors could not take the fund from the trustees pending the life estate, but by the service of the attachment they acquired a lien upon it, and the right to compel the trustee to account at the proper time. The fund was taken in execution and as surely in the custody of the law as a chattel levied upon.

The exemption statute of April 9, 1849, is not self-executing. It extends a privilege to the debtor which he may claim or waive, and it is operative only on his demand. In connection with the privilege it confers on the debtor, is the duty which rests on him of promptly claiming it. When a debtor has notice of the seizure of his property on execution process, he must, without unnecessary delay, claim his exemption or he will lose it. It is a right which may be defeated by his laches, or may be protected by his vigilance. The omission of the creditor to bring the property to sale or to obtain judgment against the garnishee at the earliest practicable moment, will not necessarily extend the time within which the debtor may claim his exemption, or relieve him from the consequences of his default. His exemption is protected by his own vigilance and not by the indulgence of his creditor.

This is the lesson taught by the cases on this subject, and it is a wholesome one. A rule which requires diligence in the assertion of an exemption claim is reasonable, and it is just to debtor and creditor. Applying it to the case in hand it is clear that Harlan has no right to the exemption he now claims. His neglect to demand it for nearly thirteen years after the attachment was served upon him, constitutes a complete waiver of the right or privilege which the exemption statute affords. That unreasonable delay without proof of injury, such as the creation of additional expense or trouble to the creditor, may defeat his claim, is settled by Bittenger's App., 76 Pa. 105, in which it was decided that in an attachment execution proceeding

where the attachment is served on the debtor, he must make his claim at the term to which the writ is returnable. In that case this court said, "It is important in a matter of practice such as this, that there should be a definite rule to guide both parties. It is certainly not a hard one to require the defendant to make his claim during the term when he should appear to answer the writ." In Bittenger's Appeal, as in this case, the attachment was served on the defendant. In Howard B. & L. Ass'n v. Phila: & Reading R. Co., 102 Pa. 220, the attachment was not served on the defendant, and he was allowed his exemption after the first term, but because he made his claim for it as soon as he had notice of the execution of the writ. The rule established in Bittenger's Appeal, supra, has not been infringed by subsequent decisions. It is a reasonable and just rule, and as it fully·sustains the action of the court below in this case,

The judgment is affirmed.