## Archibald Hays *v.* Benjamin F. Lentz, Appellant.

*Exemption claim must be made in time—Laches.*

A defendant must make his claim for exemption on an attachment execution during the term when he should appear to answer the writ.

An attachment execution issued upon a judgment against defendant, August 25, 1897, returnable October 4, 1897; interrogatories were filed September 20, 1897, and a rule granted on garnishees to answer on or before October 11. 1897; defendant made his claim for exemption August 27, 1898. *Held*, that there was no error in the court below finding as a matter of fact that defendant was guilty of laches and that the claim for exemption came too late.

Argued Dec. 5, 1899. Appeal, No. 58, Oct. T., 1899, by defendant, from order of C. P. Montgomery Co., Oct. T., 1897, No. 121, making absolute rule to strike off exemption. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEAVER, J.

Rule to strike off debtor's exemption. Before WEAND, J.

It appears from the record that judgment was entered on single bill for $351, on May 11, 1874; that this judgment was revived from time to time by sci. fa.; that on August 23, 1897, attachment execution was issued upon the judgment, interrogatories were filed September 20, and a rule granted on garnishees to answer on or before October 11, 1897. Defendant filed his claim for exemption. The court below found that defendant was guilty of laches and that his claim for exemption came too late, and made absolute rule to strike off same. Defendant appealed.

*Error assigned* was making absolute rule to strike off exemption.

*Fred. A. Sobernheimer*, with him *N. H. Larzelere* and *M. M. Gibson*, for appellant.—The principle of all the cases is that the laches which will prevent a tardy claim from being effective must be such as has worked detriment to the plaintiff or put him to delay or costs in the collection of his claim.

In the case at bar, no action whatever was taken by the plaintiff after the return day of the writ. Prior to the return day he had filed his interrogatories and on the return day the garnishee filed his answer. No further step was taken by the plaintiff, as there was nothing to be gained by having his claim reduced to judgment against the garnishee for the reason that there would be no money in the hand of the garnishee until after the sale of the farm.

The original judgment given by defendant had waived the exemption. None of the revivals had done so. Defendant had not consulted counsel with reference to his right to claim the exemption because he supposed it was waived, because it had been waived in the original judgment. It was not until the summer of 1898 that he learned that the law had just been declared to the contrary.

By the decision of Judge McPherson in Young v. Young, 6 Pa. Dist. Rep. 582, the law was declared to be that a judgment of revival did not carry into the revived judgment the conditions of the original unless they were expressly mentioned.

This is not a case in which the axiom that ignorance of the law excuses no one applies, because the law upon this point had not been declared. Until the decision of Judge McPherson, above cited, there was no application of that principle to the class of cases to which this waiver of the exemption belongs. Therefore, it was not laches for the defendant to omit compliance with the law which had not been declared.

Defendant relies upon the class of cases to which belong Peterman's App., 76 Pa. 116, Sellers's Est., 82 Pa. 153, Chilcoat's App., 101 Pa. 22, and Howard Building and Loan Association v. Railroad Co., 102 Pa. 220.

*Gilbert Rodman Fox*, with him *L. H. R. Nyce*, for appellee. —The defendant is not under the law entitled to claim his exemption by reason of his own laches.

The waiver of the exemption in the original judgment was irrevocable, being a part of the consideration.

The first proposition of appellee was the one accepted by the learned judge of the court below, and upon which the case was determined. The position of appellee upon this point is abundantly supported by the decisions of the Supreme Court of this state in the following cases involving the same question: Strouse v. Becker, 45 Pa. 206; Bair v. Steinman, 52 Pa. 423; Bancord v. Parker, 65 Pa. 336..

It will be remembered that in the case at bar, the writ was returnable October 4, 1897; the defendant had notice of the attachment September 7, 1897, but the claim was not made until August 27, 1898: Bittenger's Appeal, 76 Pa. 105; Morris & Lewis v. Shafer, 93 Pa. 489; Building Association v. Railroad Co., 102 Pa. 220; Harlan v. Haines & Co., 125 Pa. 48.

OPINION BY BEAVER, J., January 17, 1900:

An attachment execution was issued upon a judgment against the defendant, August 23, 1897, returnable October 4, 1897. Interrogatories were filed September 20, 1897, and a rule granted on garnishees to answer on or before October 11, 1897. August 27, 1898, defendant made his claim for exemption. The court below found as a matter of fact that he was guilty of laches and that his claim for the exemption came too late. Although the attachment was returned nihil habet as to defendant, it would appear from the evidence that he had knowledge of the issuing of it before the return day.

The decisions upon this subject are uniform and in effect establish a fixed rule. In Bittinger's Appeal, 76 Pa. 105, in which the claim for exemption was made after the return day and disallowed by the court below, the Supreme Court said: "It is important in a matter of practice such as this that there should be a definite rule to guide both parties. It is certainly not a hard one to require the defendant to make his claim during the term when he should appear to answer the writ." This rule has been insisted upon since and, in Harlan v. Haines, 125 Pa. 48, it was said: "The rule established in Bittinger's Appeal, supra, has not been infringed by subsequent decisions. It is a reasonable and just rule and it fully sustains the action of the court below in this case." Loan Assn. v. Railroad Co., 102

Pa. 220, cited by the appellant, was a case in which the defendant had no knowledge of the issuing of the attachment and made his claim as soon as he acquired such knowledge. It can hardly be said, therefore, to be even an exception to the rule, because it does not come within it. The only excuse urged by the appellant for his laches is that, having waived the benefit of the exemption law in the judgment note, upon which the original judgment (the one in which the attachment issued, being the last of a number of sci. fas. issued thereon) was entered, he did not know that he had any right thereto, alleging that a decision by one of the courts of Pennsylvania declared the law to be that a waiver of exemption contained in a judgment note but not recited in a judgment upon a scire facias issued thereon did not bind the defendant and that the claim for exemption was made as soon as he knew of the law. This claim, however, is not good. If the law is as the defendant claims, it was the same when the attachment was issued and he was bound to know the law and to take advantage of it. His ignorance is no excuse.

The question as to whether or not a failure to carry forward the notice of the waiver of exemption and have it appear affirmatively upon the record of a scire facias upon the original judgment, relieves the defendant from the effect of the waiver is not before us and as to it we express no opinion. The only assignment of error relates to the finding of the court as to the laches of the defendant, and the denial of his right to the exemption based thereon. As to this the court below was undoubtedly correct and its order in reference thereto is, therefore, affirmed.