## Houston v. Bishton.

*Attachment execution—Exemption—Time of making claim—Waiver of right by laches.*

1. In an attachment execution, where the writ has been served on the defendant personally, it is the duty of the defendant to make a claim for exemption within the term.

2. Where the defendant has been served with a writ of attachment execution and has made no claim for the statutory exemption within the term, he will be held to have waived his claim, and the garnishee cannot claim the same for him in his answer to interrogatories filed after the term.

Motion for judgment against a garnishee who had claimed the exemption for the defendant in an attachment execution. C. P. Lawrence Co., June T., 1914, No. 88.

*Wylie McCaslin*, for plaintiff; *William McElwee, Jr.*, for garnishee.

No appearance for defendant.

EMERY, P. J., Jan. 15, 1923.—On May 21, 1914, plaintiff caused an attachment execution to be issued out of this court, returnable to next term, upon a judgment thereof in the above entitled matter. Same date, the attachment was served personally by the sheriff upon both of the defendants and upon the garnishee above named. The matter then rested until April 3, 1922, when plaintiff caused a rule to issue upon the garnishee to answer interrogatories, returnable to the first Monday of May, 1922. On Oct. 19, 1922, answer to interrogatories was filed by the garnishee above named.

The garnishee by his answer admits having in his hands as trustee the sum of $487.18 due and payable to the defendant, Julia Bishton, but claims for the said Julia Bishton the exemption law of Pennsylvania in the sum of $300, and further claims that this amount is not subject to execution on this writ, and that no judgment can be entered in this proceeding against the garnishee for said amount.

On Nov. 20, 1922, plaintiff filed his motion for judgment for the amount of plaintiff's claim; thereupon a rule was issued to show cause why the motion should not be granted and why the claim for exemption should not be disallowed.

Attachment execution is execution process, and the exemption may be claimed against a creditor proceeding by such process as effectually as against a creditor who comes with execution in the ordinary form, except, however, that the time and manner of making the claim must be adapted to the nature of the process: Strouse's Executor v. Becker, 38 Pa. 190.

In the foregoing case the exemption was not duly claimed, and, therefore, was not allowed, but the case was again in court, as appears in 44 Pa. 206, in which proceeding it was made to appear that the defendant made no claim of exemption at the time process was served, but after the answer to the

3 D. & C.

interrogatories had been filed, confessing that the money was in the hands of the garnishee, the defendant intervened and pleaded the exemption. The Supreme Court, in discussing the right of the defendant to claim this exemption, says: "The money was seizable by the appropriate writ of execution, unless the debtor gave notice of his election to retain it by virtue of the exemption statute; and no such election having been made in this instance, except by plea to the *scire facias* against the garnishee, the debtor lost his right of exemption and the moneys should go to the plaintiff upon the attachment execution."

The same doctrine is laid down in the case of Harlan v. Haines & Co., 125 Pa. 48, wherein it appears that a writ of attachment execution had been issued March 21, 1874, which was served personally upon the defendant March 28, 1874. No further proceedings were had until Jan. 14, 1887, when the defendant filed with the prothonotary a claim for the exemption, and in disposing of the question of law so raised, the Supreme Court uses the following language: "When a debtor has notice of the seizure of his property on execution process, he must, without unnecessary delay, claim his exemption or he will lose it. It is a right which may be defeated by his laches, or may be protected by his vigilance. The omission of the creditor to bring the property to sale or to obtain judgment against the garnishee at the earliest practicable moment will not necessarily extend the time within which the debtor may claim his exemption or relieve him from the consequences of his default. . . . That unreasonable delay without proof of injury, such as the creation of additional expense or trouble to the creditor, may defeat his claim is settled by Bittenger's Appeal, 76 Pa. 105, in which it was decided that in an attachment execution proceeding where the attachment is served on the debtor, he must make his claim at the term to which the writ is returnable. In that case this court said: 'It is important in a matter of practice such as this that there should be a definite rule to guide both parties. It is certainly not a hard one to require the defendant to make his claim during the term when he should appear to answer the writ.' . . . The rule established in Bittinger's Appeal has not been infringed by subsequent decisions. It is a reasonable and just rule, and as it fully sustains the action of the court below in this case, the judgment is affirmed."

In the case now under consideration, the record shows that the attachment was served personally on both the defendants on May 21, 1914, and that no appearance or answer has ever been entered for them, or either of them. The claim for exemption was not made by either of the defendants prior to June Term, 1914, nor, for that matter, at any other time until Oct. 19, 1922, when claim for exemption was made by the garnishee in his answers to the interrogatories filed of that date.

The foregoing decisions and the rule established by them point out quite clearly that the defendant in this case has not acted with the promptness required by such rule, and while it is equally true that the plaintiff has refrained from taking such prompt action as she might have done, this in no way relieves the defendant from the duty of making prompt claim for the exemption, if it is to be claimed. In the absence of any authority showing a departure from the precedent decided in the cases above mentioned, the rule to show cause why the exemption should not be disallowed in this proceeding must be made absolute, and the plaintiff is entitled to judgment against the garnishee for the amount of her claim, with interest and costs, if not in excess of the amount admitted to be due the defendant from the garnishee by his answer.

And now, Jan. 15, 1923, rule upon garnishee above named to show cause why exemption should not be disallowed is made absolute, and judgment is directed to be entered in favor of plaintiff and against the garnishee for the amount of her claim, with interest and costs, if not in excess of the amount admitted to be due the defendant from the garnishee by his answer filed.